DREW, Appellant, v. LAWRENCE, Respondent.

(159 N. W. 274.)

(File No. 3832. Opinion filed September 19, 1916. Rehearing denied November 29, 1916.)

**1. New Trials—Sufficiency of Evidence—Directing Verdict—Rule of Law—"Scintilla", Enlargement of.**

In passing upon a motion to set aside a verdict as unsup-
ported by evidence, the generally accepted rule is, not that
there is no evidence to go to the jury, but that there is none
which ought reasonably to satisfy a jury that the fact to be
proved is established.  Held, further, that there has been given
to the word "scintilla," in connection with the direction of a
verdict, an enlarged meaning, so that it takes more than a
spark or glimmer of evidence to prevent direction of verdict.

**2.  Same—Refusing to Direct Verdict—Effect as to Granting New
Trial.**

Though a court has omitted or refused to direct a verdict,
it does not necessarily follow that the verdict rendered should
not be set aside by trial court, where the same is unwarranted
by the evidence.

**3.  Same—Setting Aside Verdict, Granting New Trial, Distinction
Between, in Considering Evidence.**

There is a clear distinction between the rule governing
direction of verdict and that governing granting of new trial;
and held, that, upon a motion to direct a verdict the question
is whether there is any evidence upon which the jury could,
without acting unreasonably in the eye of the law, decide in
favor of the party producing it; while upon a motion to set
aside a verdict the question is whether, under all the evidence,
the verdict is reasonable in the eye of the law, and if there is
any legal evidence which fairly warrants the verdict, particular-
ly where the evidence is conflicting, it will not be disturbed.
Smith and McCoy, JJ., dissenting.

**4.  Appeals—New Trial—Judicial Discretion.**

Trial courts are vested with a wide discretion to set aside
verdict and grant new trial, which discretion will seldom be
disturbed by an appellate court, even though from a reading of
the record on appeal, it appears that the jurymen fairly ex-
ercised their reasoning faculty in arriving at their verdict.

**5.  New Trials—Conflicting Evidence—Consideration of by Trial, and
Appellate, Court—Rule.**

Upon consideration of a motion to set aside a verdict, it is
the duty of both trial and appellate courts to consider all the
material evidence, but not to weigh conflicting evidence for the
mere purpose of determining credibility of witnesses, this being
within the sole province of the jury; but when either court has
considered all evidence, and, so far as reason will permit,
resolved the evidentiary facts as well as the inference to be
drawn therefrom in favor of the verdict, it is bound to set
aside such verdict whenever it is clear that the jury failed to
draw proper inferences, or failed to properly weigh one against
another the inferences it drew therefrom.
Smith and McCoy, JJ., dissenting.

6. **Same—Evidence—Rule of Reason, Disregarded by Trial Court—Appellate Court's Duty.**

'When the record on appeal shows that the rule of correct reasoning, in drawing conclusions from evidentiary facts, has been disregarded by the trial court, then the granting of a new trial is but the determination of a question of law, and is not only within the power but is also within the duty of the appellate court.

7. **Execution—Levy and Sale—Purchase of Property With Another's. Money—Mortgage by Party Claiming Property—Adverse Declarations of Ownership—Sufficiency of Evidence of Ownership.**

In a suit by one claiming to be owner of personalty sold under attachment and levy as the property of another, to recover its value, held, that, in view of all the facts involved, the purchase of the property by claimant's son with his father's money, the mortgagors of the property being claimants, and the adverse declaration of the son that he himself owned it, the verdict in favor of defendant was unreasonable, the jury having failed to fairly exercise their reasoning faculty on the facts before them.

Smith and McCoy, JJ., concurring especially.

Appeal from Circuit Court, Hyde County. Hon. ALVA E. TAYLOR, Judge.

Action by L. S. Drew, against H. E. Lawrence, to recover the value of personalty sold by defendant, as sheriff, under execution. From a judgment for defendant, and from an order denying a new trial, defendant appeals.

*M. C. Cunningham* and *Theo. H. J. Studt,* for Appellant.

*M. Harry O'Brien,* and *Howard G. Fuller,* for Respondent.

WHITING, J. Defendant, as sheriff, levied a writ of attachment upon, and afterwards sold under execution, certain horses and farm machinery. This property was levied upon and sold as the property of one W. Ringsdorf. Plaintiff, claiming to be the owner thereof, brought this action to recover the value of said property. Verdict and judgment being for defendant, plaintiff has appealed from the judgment and from an order refusing a new trial.

[1, 2] The only assignment we find it necessary to consider is the one assigning the insufficiency of the evidence to sustain the verdict. Before passing to a consideration of the evidence, we think it best to consider the rule that should govern a court in passing upon a motion to set aside a verdict because unsupported by evidence. At one time it was held that a verdict should not be

directed if there was a scintilla of evidence opposed thereto. This rule has been quite generally discarded, and, even where the courts seem to cling thereto, it will be noticed that there has been given to the word "scintilla" an enlarged meaning with the result that even in those courts it takes more than a spark or glimmer of evidence to prevent the direction of a verdict. The generally accepted rule is that laid down in Jewell v. Parr, 13 C. B. 916:

"When we say that there is no evidence to go to the jury, we do not mean that there is literally none, but that there is none which ought reasonably to satisfy a jury that the fact to be proved is established." Railway Co. v. Lowery, 74 Fed. 463, 20 C. C. A. 596; Jones on Evidence, § 174; Chamberlayne, Modern Law of Evidence, § 396.

Though a court has omitted or refused to direct a verdict, it does not necessarily follow that the verdict rendered should stand; there is no duty more important or obligatory upon a court than the duty to set aside a verdict unwarranted by the evidence. Rochford v. Albaugh, 16 S. D. 628, 94 N. W. 701; Serles v. Serles, 35 Or. 289, 57 Pac. 634; Chamberlayne, Modern Law of Evidence, § 308; Jones on Evidence, § 174.

[3] This court has repeatedly stated that:

"In considering the verdict of a jury in any particular case, to determine whether or not it is sustained by the evidence, we are not to speculate or query how we would have viewed the evidence and testimony, or what verdict we would have rendered had we been of the jury. The real and only question to be solved and answered is, Is there any legal evidence upon which the verdict can properly be based, and the conclusions embraced in and covered by it be fairly reached? It is the province of the jury to weigh and pass upon the evidence; to reconcile conflicting testimony; to determine the truth or value of evidence; to ascertain and declare, from all of the evidence and testimony, the facts of the case; and from the facts, when ascertained by them, and the law as given to them by the court, to arrive at and announce their decision, which is their verdict. And we cannot determine what specific evidence they relied upon in reaching that verdict; nor how they reconciled or adjusted conflicting evidence or testimony; nor just what they rejected or doubted; nor the precise weight or effect they gave to any particular * * * item of

evidence or testimony. * * * This court will, as a general rule, only ask and determine, Is there any legal evidence or testimony which fairly warrants the verdict of the jury? If there is, particularly in a case where the evidence is conflicting, the verdict will not be disturbed; and, if there is not, the verdict will be set aside." Brewing Co. v. Mielenz, 5 Dak. 136, 37 N. W. 728; Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128; Weiss v. Evans, 13 S. D. 185, 82 N. W. 388.

By so holding have we, in effect, held that a verdict should not be set aside except where it would have been proper to have directed a verdict for the other side? If such statement is subject to such construction, it is certainly misleading, as there is a clear distinction between the rule governing the direction of a verdict and that governing the granting of a new trial. Upon a motion to direct a verdict the question is whether there is any "evidence upon which the jury could, without acting unreasonably in the eye of the law, decide in favor of * * * the party producing it" (Bartelott v. Bank, 119 Ill. 259, 9 N. E. 898; Offutt v. Exposition Co., 175 Ill. 472, 51 N. E. 651); while upon a motion to set aside a verdict the question is whether, under all the evidence, the verdict is reasonable "in the eye of the law." The court in Railway Co. v. Lowery, supra, concludes:

"It seems to us to follow, from both reason and authority, that there is a difference between the legal discretion of the court to set aside a verdict as against the weight of evidence and that obligation which the court has to withdraw a case from the jury, or direct a verdict, for insufficiency of evidence. In the latter case it must be so insufficient in fact as to be insufficient in law; in the former case it is merely insufficient in fact, and it may be either insufficient in law, or may have more weight, and not enough to justify the court, in exercising the control which the law gives it to prevent unjust verdicts, to allow a verdict to stand."

Wigmore gives two reasons why the same rule should not control in setting aside verdicts as controls in directing verdicts. They are:

"In the first place, because the mass of evidence in the two situations is very different (for after verdict the defendant's evidence has to be considered with the rest), and, in the next place,

because the setting aside of a verdict leads merely to a new trial, while the ruling of insufficiency leads usually to the direction of a verdict for the opponent." Wigmore on Evidence, § 2494.

[4, 5] Inasmuch as the law presumes that a new trial of a cause will result in a just judgment, there is vested in the trial courts a wide discretion to set aside verdicts and grant new trials, which discretion will seldom be disturbed by an appellate court, even though, from a reading of the record on appeal, it appears that the jurymen fairly exercised the reasoning faculty in arriving at their verdict. Upon the consideration of a motion to set aside a verdict, it is the duty of both trial and appellate courts to consider all the material evidence, but not to weigh conflicting evidence for the mere purpose of determining the credibility of witnesses—this being within the sole province of the jury. But when either a trial or appellate court has considered all the evidence, and, so far as reason will permit, resolved the evidentiary facts as well as the inference to be drawn therefrom in favor of the verdict, it is bound to set aside such verdict, whenever it is clear that the jury failed to draw proper inferences from such evidentiary facts or failed to properly weigh, one against another, the inferences that it drew therefrom.

"The same duty of enforcing the rule of correct reasoning which presses upon the trial judge in his administrative relation to the jury rests upon all reviewing or appellate tribunals in passing upon the action of trial judges or inferior courts." Chamberlayne Modern Law of Evidence, § 312.

[6] When the record shows that the rule of reason has been disregarded by the trial court, then the granting of a new trial is but the determination of a question of law, and is not only within the power, but is also within the duty, of the appellate tribunal.

[7] From the evidence herein it appears that the property in question had, from somewhere about the year 1906, been upon the farm of one Peter Ringsdorf, in Hyde county, S. D. There is no evidence to show but that it was still on such farm when it was seized by defendant. W. Ringsdorf was in the possession of said farm for several years, but it appears that for some two years before this property was levied upon as his property he had resided at Huron, Beadle county, S. D. At the time it was levied

upon he was in another state. W. Ringsdorf testified that he brought some of the property to this farm when he came to this state; that he purchased some of it afterwards; that the property he brought was his father's, Peter Ringsdorf's; and that he bought the rest for his father and with money furnished by his father. He testified that his father sold this property to his (W. Ringsdorf's) wife, and that she sold it to plaintiff in the year 1910. It stands undisputed that, at the time W. Ringsdorf claims his father owned this property, his father gave a mortgage thereon. It also stands undisputed that, at the time his wife claimed to own such property, she gave a mortgage thereon. The testimony shows that this mortgage was given to take up the first mortgage, and also to raise money to pay the father for the property. The bill of sale given by the wife to plaintiff was received in evidence. Plaintiff swore that this property belonged to him, and that he was in possession of the Peter Ringsdorf farm, whereon this property had been situated. There was thus presented complete prima facie proof that the title of this property was in plaintiff and had never been in the judgment debtor, W. Ringsdorf. To overcome such prima facie case defendant offered the testimony of three witnesses who swore that, while W. Ringsdorf was in possession of the property, he had spoken of it as his property, and, as to part of it, had stated that he bought it. There does not appear to have been any situation existing at the time either of these statements was made that would give to such remarks any peculiar force as evidence of title in Ringsdorf. Each of these witnesses testified to not more than one or two of such statements, and it appears that such statements were made back in the years 1906 to about 1909, while the property was levied on in the summer of 1913. While it must be conceded that this testimony was, if standing alone, both sufficient in law and in fact because an inference that W. Ringsdorf formerly owned the property might be drawn therefrom, yet the probative force of his statments—the strength of the inference to be drawn therefrom—rests entirely upon the circumstances and conditions under which he made them. Under the circumstances and conditions surrounding these statements the inference of ownership to be drawn therefrom is exceedingly weak and wholly insufficient to overcome the prima facie case established by the

plaintiff. Common experience teaches us that such statements, casually made by one in the possession of property, have at best but little weight as proof of title in the speaker. If the inference of ownership to be drawn from such statements was strong, we would have abundant proof that husbands are the owners of their wives' property; that agents own the property of their principals; that clerks are at least partners in every mercantile business; that the section man and station agent own our lines of railway; and that the farm laborer owns the farm and everything thereon. Without a thing to show that the statements were made under circumtances and conditions that would demand of the speaker that he speak with the express purpose of claiming title to the property or of claiming that he had bought it for himself, it is clear that the jury drew from such statements inferences that reason cannot support in the light of the other evidentiary facts proven. Under all the evidence the verdict was unreasonable and shows to our satisfaction that the jury "failed to fairly exercise the reasoning faculty on the facts before them."

The judgment and order appealed from are reversed.

SMITH and McCOY, JJ. (concurring specially). While we concur in the result of the majority decision, still we are not in accord with the discussion of and statements as to certain rules on which the decision is based. In this case the jury returned a verdict in favor of defendant. Motion for new trial was made on the ground that the evidence was insufficient to sustain the verdict, and the motion was overruled by the trial court. Plaintiff now urges before this court the overruling of the motion for new trial, and contends that the evidence was insufficient to sustain the verdict. It is conceded that plaintiff made out a prima facie case. The only question now before this court is: Was there any evidence sufficient to sustain the verdict of the jury in favor of defendant, and what rule should govern this court in determining whether or not there was any evidence sufficient to sustain the verdict? Formerly, under the common-law rule, the appellate court on appeal would not disturb the verdict if there was a scintilla of evidence to support it; but this former scintilla rule has become obsolete, and, as we view it, the test rule or criterion now is that, if the evidence on which the verdict was based was of such a nature that two reasonable minds, acting reasonably,

might have drawn different and opposing conclusions therefrom, then it was sufficient to sustain the verdict; while, on the other hand, if the evidence in support of the verdict, as a matter of law, lacked that relevant substantive consequence having the fitness to induce conviction upon any reasonable mind, then it should be held as a matter of law that the evidence was insufficient to support the verdict. Weiss v. Evans, 13 S. D. 185, 82 N. W. 388; Weller v. Hilderbrandt, 19 S. D. 45, 101 N. W. 1108; Offutt v. World's Expo. Co., 175 Ill. 472, 51 N. E. 651; Minahan v. Railway Co., 138 Fed. 37, 70 C. C. A. 463; Jenkins v. Cement Co., 147 Fed. 641, 77 C. C. A. 625; Grand Trunk Ry. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485; M., K. & T. Ry. v. Hall, 87 Fed. 170, 32 C. C. A. 146. The application of this rule is that all is necessary to the disposition of the only question before this court for determination. Applying this rule to the evidence of defendant in this case, we are of the view that it does not meet the test of sufficiency required by the rule, and therefore the trial court should have granted a new trial on the ground of insufficiency of the evidence to sustain the verdict. As we view it, this is the only rule of reason known to the practice as the criterion for determining the sufficiency of the evidence to sustain a verdict, under Codes similar to ours, and which rule had always been followed by this court until the decision in the case of Kennedy v. Bank of Wall, 34 S. D. 457, 149 N. W. 168. After quoting and citing previous holdings of this court, the majority opinion in this case says:

"By so holding have we, in effect, held that a verdict should not be set aside except where it would have been proper to have directed a verdict for the other side? If such statement is subject to such construction it is certainly misleading; as there is a clear distinction between the rule governing the direction of a verdict and that * * * granting * * * a new trial. Upon a motion to direct a verdict the question is whether there is any 'evidence upon which the jury could, without acting unreasonably in the eye of the law, decide in favor of * * * the party producing it'; * * * while, upon a motion to set aside a verdict the question is whether, under all the evidence, the verdict is reasonable 'in the eye of the law'"

We are of the view that there are still some very erroneous,

misleading, and confusing elements contained in this statement. Now, taking up this statement of the majority opinion in detail:

"By so holding have we, in effect, held that a verdict should not be set aside except where it would have been proper to have directed a verdict for the other side?"

As applied to the power of the appellate court, to, in effect, set aside a verdict on the ground of the insufficiency of the evidence to sustain the same, this court has so held, and, as we view it, rightly so. Upon a motion to direct a verdict, at the close of all the evidence, the question is whether, as a matter of law, there was any evidence upon which the jury could, without acting unreasonably, have decided in favor of the party in whose favor the verdict was rendered; while upon an appeal to the appellate court from an order overruling a motion for new trial on the ground of insufficiency of the evidence to sustain the verdict the very same proposition tested by the very same criterion is before the appellate court. If there was evidence in the case which might have been believed by the jury from which reasonable minds might reasonably have drawn opposite conclusions, the verdict must stand on appeal, no matter how unreasonable the verdict might be in view of the whole evidence. The determination of such conflicts in testimony is within the scope of the exclusive province of the jury, which should not be invaded by the appellate court. Therefore we are of the view that the prior holdings of this court cited in the majority opinion were `neither erroneous nor misleading. The above statement of the majority opinion further says.

"If such statement is subject to such construction, it is certainly misleading, as there is a clear distinction between the rule governing the direction of a verdict and that  *   *   *   granting *   *   *   *   a new trial."

Although there is a clear distinction between the rule governing the direction of a verdict and that granting a new trial, as applied to trial courts, that distinction by no means demonstrates what the rule should be on appeal from an order refusing to grant a new trial for insufficiency of the evidence to sustain the verdict. The confusion in the position taken by our majority brethren exists in not taking into consideration the difference between the powers and functions of the trial courts and the

appellate courts under our system of judicature in connection
with the granting of new trials. There is a vast distinction
between the power of the trial court and that of the appellate
court in this connection. We are of the view that the trial court
has a broad and comprehensive discretionary power in the grant-
ing of new trials not possessed by an appellate court. The trial
court may properly refuse to direct a verdict at the conclusion of
all the evidence, and still, in the exercise of its discretionary
power, and without error, properly grant a new trial for insuf-
ficiency of the evidence to sustain the verdict, because of the fact
that the trial court, which has heard all the evidence and observed
all the parties and witnesses and their conduct and manner of
testifying, may be of the opinion that such verdict is unreason-
able and that justice demands a new trial. On the other hand,
for the same reasons, the trial court might properly refuse to
set aside a verdict based on sufficient, but scant, evidence; but
this is a discretionary power resting alone in the trial court. After
the trial court has exercised such discretionary power by either
granting or refusing a new trial, it should not be reversed on
appeal unless there has been some legal abuse in the exercise of
such discretion amounting to legal prejudicial error; it formerly
being held that, if there was a scintilla of evidence to sustain the
verdict, the trial court had not abused its discretion in refusing to
grant a new trial; while under the more modern rule the verdict
would not be sustained unless the evidence was of such a nature
that different minds acting reasonably might draw opposing con-
clusions therefrom. On a motion to direct a verdict the trial
court does not exercise discretionary power, but it is a pure ques-
tion of law that is presented as to whether or not there is any
legal evidence then before the court sufficient to sustain a verdict.
After refusal to grant a new trial for insufficiency of the evidence
to sustain the verdict on appeal, the appellate court can exercise
no discretionary power, but it is again a pure question of law as
to whether or not there was any sufficient evidence to sustain the
verdict, and whenever the evidence is found to be of such a nature
that different minds might reasonably draw different conclusions
therefrom, the ruling of the trial court in denying a new trial
will not be disturbed. The above-quoted portion of the majority
opinion, as we view it, is misleading and erroneous, in that it is

susceptible of being construed as giving to the appellate court the broad discretionary power of setting aside verdicts and granting new trials that is possessed by the trial courts in cases where it might appear to the appellate court that the verdict was unreasonable. This to us seems to be an invasion of the province and function of the jury by permitting the appellate court to substitute its judgment for that of the jury as to what was the reasonable effect of the evidence in a case where the evidence was of such a nature that different minds might reasonably have drawn different conclusions therefrom. As we view it, in connection with the opinion in the case of Kennedy v. Bank of Wall, supra, the majority opinion constitutes a dangerous entering wedge having a tendency to destroy and nullify and tear down our present constitutional system of jury trials. It is the province of the jury to believe or disbelieve, according to the reasonableness thereof, the conflicting evidence of the parties offered on the opposing sides during the trial of a cause triable by a jury. The trial court may review the evidence as to its reasonableness, but the appellate court will not. Hayne on New Trials, § 97, p. 469. Where the evidence in a case is of such a nature that different minds may draw different conclusions therefrom, there then exists a conflict in the testimony. This is the test as to whether or not there is a conflict in evidence. Trial courts on motion direct a verdict because the evidence is insufficient to support any verdict; Guild v. Pringle, 145 Fed. 312, 76 C. C. A. 192; McGuire v. Blount, 199 U. S. 148, 26 Sup. Ct. 1, 50 L. Ed. 125. The appellate court on appeal is asked to reverse the refusal of the trial court to grant a new trial on the very same ground that the evidence is insufficient to support the verdict. The appellate court will not substitute its judgment for that of the jury in cases where the evidence inherently is of such a character that different conclusions may be reasonably drawn therefrom. Bell v. Providence Gas Co. (R. I.) 90 Atl. 2; Missouri Ry Co. v. Maples (Tex. Civ. App.) 162 S. W. 426; Mutual Ins. Co. v. Rhoderick (Tex. Civ. App.) 164 S. W. 1067, wherein the court held that the solution of conflicting testimony rests exclusively with the jury, and not with the appellate court. As we read the majority opinion, it contains views in conflict with the well-established rule.