WESTERN SURETY COMPANY, Respondent, v. BOETT-
CHER et al., (Lenz, Appellant).

(165 N. W. 381.)

(File No. 4217.   Opinion filed December 13, 1917.)

1. **Appeals—Error—Granting New Trial—Conflicting Evidence— Rule.**

    The well-established rule in this state is, that an order granting new trial will not be reversed unless it clearly appears that trial court abused judicial discretion therein. So held, in view of substantially conflicting testimony; the evidence being such in nature that different conclusions might reasonably have been drawn therefrom.

2. **Same—Granting New Trial—No Evidence, Conflicting Evidence— Abuse of Discretion.**

    When trial court grants new trial on conflicting testimony, supreme court will not disturb such ruling for abuse of discretion; and whether there be no evidence at all, or where it is

conflicting on the particular issue, trial court would not be held to have abused discretion in granting new trial.

3. Same—Granting New Trial—Evidence Conclusively Favoring Verdict, Effect Re Discretion.

If trial court had granted new trial when from undisputed evidence it clearly appeared that no other conclusion than that reached by jury could have been reasonably drawn, then, as matter of law, it could not be said that trial court had abused discretion..

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, *Judge.*

Action by the Western Surety Company, against Henry M. Boettcher and another, impleaded with Joe Lenz, to recover upon an indemnity bond. From a judgment entered upon a verdict in favor of defendant Lenz, and from an order granting a new trial, he appeals. Affirmed.

*E. B. Harkin,* and *Bates & Bates,* for Appellant.
*Kirby, Kirby & Kirby,* for Respondent.

McCOY, J. The defendant Boettcher, from July 1, 1910, to June 30, 1911, was engaged in the business of selling intoxicating liquors at retail, and as such dealer entered into and gave the retail liquor dealer's bond required by statute, with the respondent in this case as his surety. Prior to the execution of the statutory liquor dealer's bond the defendant Boettcher entered into another bond with the defendant Dorrell and the appellant Lenz as sureties, wherein and whereby they jointly and severally agreed to indemnify the plaintiff, as surety on said retail liquor dealer's bond, from and against any liability, loss, cost, charges, suits, damages, and expenses of whatever kind which said plaintiff might sustain or incur for or by reason or in consequence of having become security on said retail liquor dealer's bond. Thereafter the respondent as the result of a judgment was compelled to and did pay $1,850 damages by reason of the failure of said Boettcher to comply with the terms of said retail liquor dealer's bond.

This action was instituted by respondent to recover the said $1,850 from Boettcher and his said sureties on said indemnity bond. The appellant Lenz interposed the defense that he had been misled into executing the said indemnity bond by the false and fraudulent representations of one Mo, the agent of respond-

ent, and that by reason of such false representations the appellant did not know that he executed an indemnity bond at the time he signed the same, but supposed that in truth and in fact he was signing only a personal recommendation for said Boettcher to enter into the saloon business. On the trial, verdict was rendered in favor of appellant Lenz. Motion for new trial, made by respondent on the ground, among others, that there was no evidence submitted on the trial tending to show that said Mo was the agent of respondent in procuring the appellant Lenz to sign said indemnity bond for Boettcher, having been granted, appeal was taken from such order.

[1-3] It is a well-established rule in this state that the order of a trial court granting a new trial will not be reversed unless it clearly appears that the trial court abused its discretion in granting such motion. In this case we are clearly of the view that the trial court did not abuse such discretion. It is conceded by appellant that there was a substantial conflict in the testimony upon the issue as to whether or not Mo was the agent of respondent in procuring the signatures to said indemnity bond; that the evidence in this particular was of such a nature that different conclusions might reasonably have been drawn therefrom. Under the unanimous view of the members of this court, as expressed in Drew v. Lawrence, 37 S. D. 620, 159 N. W. 274, when the trial court grants a new trial where there is a conflict in the testimony, the appellate court will not disturb such ruling on the ground of abuse of discretion. In either case, where there is no evidence at all, or where there is a conflict in the evidence on the particular point at issue, the trial court would not be held to have abused its discretion in granting a new trial. If the trial court had granted a new trial when from the undisputed evidence it clearly appeared that no other conclusion could have been reasonably drawn than that Mo was the agent of respondent, then, as a matter of law, it could be said that the trial court had abused its discretion.

The order appealed from is affirmed.