KEITH, Appellant, v. COTTAM, Respondent.

(166 N. W. 335.)

(File No. 4213.    Opinion filed February 5, 1918.    Rehearing denied
March 26, 1918.)

1. Appeal—Error—New Trial—Order Extending Time After Ten
   Days, Authority For—Delay in Serving Transcript—Waiver of
   Error.

   Where, more than 10 days after delivery of transcript,
   trial court made an order extending time in which to prepare
   and serve transcript, etc., preparatory to moving for new trial,
   the point that such order was made after 10 days not having
   been drawn to trial court's attention at or before hearing of
   the motion, held, that the point that court was without auth-
   ority to make such order was thereby waived, and will not be
   reviewed by Supreme Court.

2. Appeals—Error—New Trial—Conflicting Evidence, Effect—Rule
   re Discretion.

Where there is sharp conflict in evidence on material issue involved on trial, trial court did not abuse its discretion in granting new trial, under the rule that order will not be reversed unless abuse of discretion clearly appears.

Appeal from Circuit Court, Minnehaha County. Hon. Joseph W. Jones, Judge.

Action by Granville Keith, a minor, by guardian ad litem, Iva G. Keith, against G. G. Cottam. From an order granting a new trial, plaintiff appeals. Affirmed.

*A. J. Keith,* and *L. M. Morris,* for Appellant.

*Jones & Matthews,* and *Aikens & Judge,* for Respondent.

POLLEY, J. Verdict and judgment for plaintiff were vacated by the trial court, and a new trial granted. From the order granting a new trial, plaintiff appeals.

[1] It is first contended by appellant that the order appealed from should be reversed because of irregularities in the proceedings had to procure the order granting a new trial. It appears from the record that the trial court granted defendant a short extension of time in which to prepare and serve the transcript, specifications of error, etc., on counsel for appellant. Counsel for appellant claims that the transcript of the evidence was delivered to respondent on the 2d day of June, 1916, and that the order extending time was not made until the 17th day of that month, more than 10 days after the delivery of the transcript, and that therefore the court was without authority to make such order. This is a matter that should have been submitted to the trial court at or before the hearing of the motion for a new trial. Not having been called to the attention of that court at the proper time, it will be deemed to have been waived by respondent, and will not be reviewed by this court.

[2] In Western Surety Co. v. Boettcher, 165 N. W. 381, in reviewing an order granting a new trial, this court said:

"It is a well-established rule in this state that the order of a trial court granting a new trial will not be reversed, unless it clearly appears that the trial court abused its judicial discretion in granting such motion."

In this case there was a sharp conflict in the evidence on the material issue involvel on the trial. Under these circumstances, and under the rule above stated, the trial court did

not abuse its discretion in granting the new trial. Drew v. Lawrence, 37 S. D. 620, 159 N. W. 274.

The order appealed from is affirmed.