ALLEN, Respondent, v. McLAIN, Appellant

(58 N. W.2d 232)

(File No. 9307.   Opinion filed April 21, 1953)

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant and Appellant.

**Lacey & Perry,** Sioux Falls, for Plaintiff and Respondent.

RUDOLPH, J.   Plaintiff, while a guest passenger, in an automobile owned and allegedly operated by defendant was badly injured.   This action was brought to recover damages.   The jury returned a verdict for defendant, but the trial court granted a new trial.   This appeal is from the order granting the new trial.

One of the grounds upon which the order granting the new trial is based is the insufficiency of the evidence to justify the verdict.   Appellant recognizes the long established rule in this state which allows the trial court a broad discretion in granting a new trial because of insufficiency of the evidence.   In cases where the verdict rests upon conflicting testimony and the credibility of witnesses is involved this discretion of the trial court in ordering a re-examination of an issue of fact will not be disturbed by this court on appeal.   Johnson v. Olson, 70 S. D. 617, 20 N.W.2d 226; Houck v. Hult, 60 S. D. 570, 245 N.W. 469; Security State Bank of Beresford v. Bank of Centerville, 46 S. D. 440, 193 N.W. 670; Western Surety Co. v. Boettcher, 39 S. D. 541, 165 N.W. 381; Drew v. Lawrence, 37 S. D. 620, 159 N.W. 274.

Appellant, however, contends that giving the evidence in this case a construction most favorable to plaintiff, it will not support a verdict other than that returned by the jury.

Appellant summarizes the facts as follows:

"(1) The Plaintiff was riding as a guest in a 1950 Oldsmobile 88 sedan, with the Defendant driving all the way from Lake Preston to the scene of the accident, a distance of some eighty-five miles.   (2) The trip was a fast one, taking from 75 to 90 minutes, with only one stop en route, this

being in Arlington. The Defendant drove at times at speeds up to 95 and 100 miles per hour. (3) The Plaintiff had repeatedly asked the Defendant to slow down, which requests he ignored. She did not at any time ask to be let out of the car. (4) The Plaintiff did not have anything to drink that night, nor did the Defendant or Schanck drink in her presence. (5)The accident occurred on a dry, concrete highway, with no other traffic involved, when the Defendant's car, in approaching a gentle curve to the left, marked by a 'curve' sign located some three hundred feet from the beginning of the curve, ran off the paved portion of the highway and into the ditch, struck an embankment and overturned. (6) The curve which the Defendant 'missed' was of substantially the same character as a gentle curve north of Dell Rapids and others, which the Defendant had successfully negotiated at 95 to 100 miles per hour."

Respondent adds the following to this summary:

"(1) That after plaintiff asked defendant to slow down he kept going faster and faster, going around curves so fast that the tires would screech and the car would'lean; (2) The second time she asked him to slow down he looked at her as though she should not have said it, as though he was disgusted with her, and kept going faster. (3) The plaintiff begged defendant to slow down because she was so scared she didn't know what to do and he just kept right on going as fast as he could go, finally attaining a speed of 95 to 100 miles per hour."

We accept this summarization as a statement of the facts.

The controlling statute of course is SDC 44.0362, which limits liability to a guest passenger to the "willful and wanton misconduct of the owner or operator of such motor vehicle, * * *". Commencing with Melby v. Anderson, 64 S. D. 249, 266 N.W. 135, this statute has been before the court on numerous occasions. Melby v. Anderson, 64 S. D. 249, 266 N.W. 135; Martins v. Kueter, 65 S. D. 384, 274 N. W. 497; Granflaten v. Rhode, 66 S. D. 335, 283 N.W. 153; Elfert v. Witt, 73 S.D. 4, 38 N.W.2d 445; Stoll v. Wagaman, 73 S.D. 186, 40 N.W.2d 393; Antonen v. Swanson, 74 S.D. 1, 48 N.W.2d 161; Espeland v. Green, 74 S.D. 484, 54 N.W.2d 465.

■■ We have adhered to the rule established in the Melby-Anderson case, which was affirmed by the legislature when in 1939 it deleted the term "gross negligence" which appeared in the original statute, Ch. 147, Laws of 1933. With the deletion of the words "gross negligence", the rule is stated as follows:

"Willful and wanton misconduct * * * means something more than negligence. They describe conduct which transcends negligence and is different in kind and characteristics. They describe conduct which partakes to some appreciable extent, though not entirely, of the nature of a deliberate and intentional wrong. To bring the conduct of the defendant with the prohibition of this statute the jury must find as a fact that defendant intentionally did something in the operation of a motor vehicle which he should not have done or intentionally failed to do something which he should have done under such circumstances that it can be said that he consciously realized that his conduct would in all probability (as distinguished from possibly) produce the precise result which it did produce and would bring harm to the plaintiff." [64 S. D. 249, 266 N.W. 137.]

It is the application of the rule that is difficult. The question for this court always is, is the evidence such that a jury might find that to the ordinary mind it must have been apparent that the described conduct "would in all probability (as distinguished from possibily) produce the precise result which it did produce and would bring harm to the plaintiff."

■ As disclosed from the above cited cases an affirmatively reckless state of mind is an important element in determining whether there is willful and wanton misconduct, and this is determined not by what the driver "said nor even by what he may actually have thought, but rather by the attitude that an ordinarily prudent person would have had under all the attending circumstances." |Espeland v. Green, 74 S.D. 484, 54 N.W.2d 465, 467.| It appears from the evidence that defendant was driving on this road from Dell Rapids to Sioux Falls at 95 to 100 miles an hour, in negotiating one previous turn, at least, the tires "screeched", and the car "leaned", when plaintiff remonstrated defendant

gave her a disgusted look, and increased his speed. Such evidence is sufficient, in our opinion, upon which to base a finding of an affirmatively reckless state of mind.

Defendant was familiar with this Dell Rapids road and testified regarding the turns in the road "there is sure a lot of them in there." Acepting plaintiff's testimony as to the speed of the car at 95 to 100 miles an hour on this type of road, her protests and the apparent danger inherent in such speed on such a road the result would seem obvious to the ordinary mind. Certainly the probability as distinguished from the possibility of accident was present, at least a jury might so find.

Many cases from this and other jurisdictions have been cited. Of course no two fact situations are identical, and the cases are not too helpful except for giving an over-all picture of the application of the rule. A reading of the cases convinces us that our holding under the facts here presented is in accord with the objects and purposes sought to be served by legislation of the kind here involved. If any one case might be considered relevant we believe the case of Martins v. Kueter, supra, appears the closest to attaining such status. While the evidence in that case was somewhat different, nevertheless, it did show affirmatively a reckless state of mind. We have concluded that the evidence in this case is sufficient to show a similar state of mind. In that case, as in this, it is not simply the failure to negotiate one turn or the single item of speed but the whole attitude of the defendant and all of the circumstances and conditions confronting him at the time of and prior to the accident which make reasonable a finding of probability as distinguished from possibilty of accident resulting from his conduct.

The order appealed from is affirmed.

All the Judges concur.