Monte LEWIS, a Minor by his Guardian Ad Litem, Dean S. Lewis, Plaintiff and Respondent,

v.

Donald L. STORMS, Defendant and Appellant.

No. 12603.

Supreme Court of South Dakota.

Argued Sept. 17, 1979.

Decided March 26, 1980.

J. W. Grieves, Winner, for plaintiff and respondent.

David A. Gerdes, of May, Adam, Gerdes & Thompson, Pierre, for defendant and appellant.

HENDERSON, Justice.

## ACTION

Monte Lewis (plaintiff and respondent) brought an action to recover damages for personal injuries he sustained in an intersection accident allegedly caused by the negligence of Donald L. Storms (defendant and appellant). Defendant appeals from two orders entered by the trial court granting plaintiff's motion for a new trial, and denying his motion for judgment notwithstanding the verdict or, in the alternative, to amend the jury verdict. We reverse.

## FACTS

On March 18, 1976, at approximately 5:30 p. m., an accident occurred at the intersection of U.S. Highway 18 and First Street on the west edge of Winner, South Dakota, between a motorcycle driven westbound by plaintiff and a pickup driven eastbound by defendant. The evidence indicates that defendant, intending to make a left turn, had stopped at the intersection to allow a westbound vehicle to pass by. Defendant had his left turn signal on and, seeing no approaching traffic, proceeded to turn left on to First Street which was at a gradual angle of thirty degrees. The motorcycle collided into the back rear portion of defendant's pickup and plaintiff was thrown a considerable distance. As a result of the accident, he received multiple injuries, and was required to undergo four major operations on his right knee. Plaintiff had no recollection of the accident.

There is some conflicting evidence as to whether defendant ever saw plaintiff prior to the collision. Defendant maintained, during his pre-trial deposition and at trial, that he did not notice plaintiff's motorcycle approaching in the westbound lane until he was well into his turn. In an attempt to avoid a collision, defendant testified that he accelerated his speed to get across the median. Officer Long Crow, who had no formal training and only two weeks law enforcement experience, testified that when defendant was interviewed immediately following the accident, he had stated to him that he never saw plaintiff. Officer Long Crow admitted during trial, however, that at the time the statement was given, defendant was quite shaken up, had trouble understanding the questions, and had to be asked the question a few times to elicit a response. Officer Long Crow was of the opinion that the accident occurred within the inside westbound lane. However, during cross-examination, Long Crow admitted that he did not personally interview Jim Schroeder, an eyewitness to the accident, who later testified that the collision occurred in the outside of the two westbound lanes, nearest the First Street approach. Schroeder, who was approximately one-half block behind plaintiff's motorcycle, also testified that at no time prior to the collision, did he see plaintiff's brake light illuminated and that defendant's turn indicator was on.

It could not be determined at what speed plaintiff's motorcycle hit defendant's pick-up. Approximately one-quarter block before the intersection in question, the speed limit changes from 30 m. p. h. to 50 m. p. h. Richard Bear, a friend of plaintiff, who was standing outside a store front located near the intersection, testified somewhat reluctantly that plaintiff glanced over in his direction, waved, and accelerated his speed. Bear did not see the accident, however, Schroeder's testimony corroborates that of Bear's to the effect that plaintiff had accelerated his speed at a point prior to the collision.

Defendant alleged contributory negligence more than slight on the part of plaintiff as a defense. The issue of contributory negligence was submitted to the jury. After the jury commenced deliberations, but prior to announcement of its verdict, it communicated with the court by a note which stated: "If we find them both negligent, how do we fill out the form? Equal negligence? (Signed) Sylvia Bear, Foreman." In response to the note, the court reread the pertinent instruction which also directed the jury to the law of comparative negligence contained in another instruction. Thereafter, the jury returned a verdict on the plaintiff's form for "damages at the sum of 'None'," and inscribed thereon the notation, "Contributory negligence more than slight."

## ISSUES

### I.

Did the trial court abuse its discretion in granting a new trial where there was no substantial conflict in the evidence material to the issue of the case?

### II.

Did the trial court err in denying defendant's motion for judgment n. o. v., when the verdict rendered by the jury was in reality one for defendant notwithstanding the form of verdict used?

## DECISION

### I.

The trial court granted a new trial on the grounds that (1) there was insufficient evidence to show that plaintiff owed a duty to defendant which was breached; (2) even if a duty were established, as a matter of law, any breach on the part of plaintiff could not amount to any more than slight negligence in comparison to that of defendant whose negligence was more than slight; and (3) the verdict, if interpreted as one in favor of plaintiff, would be contrary to the evidence, in that no damages were awarded when such evidence regarding plaintiff's damages was uncontroverted.

It is a well-established rule in this state that the trial court has broad discretionary power in granting a new trial on the ground of insufficiency of the evidence, and that such order will not be disturbed absent a clear showing of abuse of discretion. *Basin Elec. Power Coop. v. Gosch*, 240 N.W.2d 96 (S.D.1976); *Jensen v. Miller*, 80 S.D. 384, 124 N.W.2d 394 (1963); *Allen v. McLain*, 74 S.D. 646, 58 N.W.2d 232 (1953); *Western Surety Co. v. Boettcher*, 39 S.D. 541, 165 N.W. 381 (1917); *Drew v. Lawrence*, 37 S.D. 620, 159 N.W. 274 (1916). It is not an abuse of discretion for the trial court to set aside a verdict if, in the opinion of the court, the conclusion reached is unreasonable and demonstrates that the jury "failed to fairly exercise the reasoning faculty on the facts before them." *Drew v. Lawrence*, supra, at 627, 159 N.W. at 277. In *Drew v. Lawrence*, the court failed to establish a concrete test for "unreasonableness," but went on to say that "even though, from a reading of the record on appeal, it appears that the jurymen fairly exercised the reasoning facility in arriving at their verdict," it is not an abuse of discretion for the trial court to grant a new trial. Id. at 625, 159 N.W. at 276. At the same time, however, the court pointed out that before a jury verdict can be set aside, it must be clear that the jury drew from such conflicting evidence "inferences that reason cannot support in light of other evidentiary facts proven." Id. at 627, 159 N.W. at 277. Thus, judicial intervention in granting a new trial is predicated upon the reasonableness of the particular inference or conclusion drawn by the jury.

Over the years, this court has relied upon *Drew v. Lawrence* for the proposition that a trial court's ruling in granting a new trial will not be disturbed where there is conflicting evidence; that is, where differing inferences favorable to either party could reasonably be drawn from it. *See Jensen v. Miller*, supra; *Allen v. McLain*, supra; and *Western Surety Co. v. Boettcher*, supra. On its face, this position is unprecedented. *See* 58 Am.Jur.2d New Trial §§ 140, 141, 142 (1971). While the existence of a conflict in the evidence is a controlling consideration by which courts are governed in setting aside a jury verdict, the mere presence of a conflict in the evidence does not license a trial court to weigh conflicting evidence and substitute its own judgment for that of the jury, simply because it disagrees with the verdict. It must appear that the evidence was conflicting on several controlling points[1] and that the verdict is clearly unsupported in light of other evidentiary facts proven.[2] Therefore, unless the finding of the jury on a question of fact is so unreasonable, arbitrary, and unsupported by the evidence, a new trial should not be granted on the basis of insufficiency of the evidence.

In examining the record and all the evidence, it cannot be said that the verdict reached was unreasonable and unsupported by the evidence. The jury was appropriately instructed upon the rules of the road and the issues of negligence and contributory negligence as related to the respective drivers. There was sufficient credible evidence from which the jury could reasonably infer that while both drivers may have been negligent, in comparison, plaintiff's negligence was more than slight for failure to maintain a proper lookout when approaching an intersection. There was no substantial conflict in the evidence. An eyewitness to the accident testified that it occurred in the outside westbound lane nearest the First Street approach and that he never saw

1. *Jensen v. Miller*, supra and *Western Surety Co. v. Boettcher*, supra, both suggest that there must be a substantial conflict in the evidence, although neither case directly states it.

2. In *Drew v. Lawrence*, supra, the court pointed out that while there was evidence, standing alone, sufficient in law and fact to support the verdict, the strength of the inference to be drawn therefrom rested entirely upon circumstances and conditions under which the statements were made. Since there was nothing to show that at the time these statements were made they were for the express purpose of claiming title to the property, the court reasoned that the inference of ownership to be drawn therefrom was exceedingly weak and wholly insufficient to overcome the prima facie case established by plaintiff.

plaintiff's brake light illuminated, which would have indicated that he either made an attempt to slow down or switch lanes. The only real conflict in the testimony is whether defendant did in fact ever see plaintiff prior to the collision. However, this particular conflict, in light of the other evidence presented, is not substantial enough to override the inference that had plaintiff been maintaining a proper lookout, he could have likely avoided the accident. Therefore, the trial court abused its discretion in granting a new trial.

## II.

■ Defendant maintains, and we agree, that the verdict which the jury rendered was in essence a verdict for defendant, notwithstanding that it was returned on plaintiff's verdict form. The trial judge denied defendant's motion for judgment n. o. v. or in the alternative, to amend the verdict to reflect a verdict for defendant.

We do not fault the substantive instructions on negligence, contributory negligence, and comparative negligence. However, the instructions offered no guidance concerning the verdict form to be used in the event the jury found the plaintiff guilty of contributory negligence more than slight. The jury's confusion on this point is apparent from the note submitted to the court that read, "If we find them both negligent, how do we fill out the form?" The notation of "contributory negligence more than slight" on the verdict form clearly indicates the reason why plaintiff was afforded no damages.

■ The intention of the jury is clearly ascertainable; the verdict is merely defective in form. *Cf. Pexa v. Clark*, 85 S.D. 37, 176 N.W.2d 497 (1970); *Anderson v. Paulson*, 77 S.D. 583, 96 N.W.2d 305 (1959). The jury was only required to find as to the ultimate facts and, if it found that plaintiff was entitled to recover, to fix the amount of recovery. It cannot be said that the jury found for plaintiff; otherwise, damages would have been awarded. Although this court has never addressed the issue presented here, other jurisdictions have held that a verdict expressing a finding for plaintiff but awarding no damages is in fact and law a verdict for the defendant. *Neal v. Wailes*, 346 P.2d 132 (Wyo.1959); *Fischer v. Howard*, 201 Or. 426, 271 P.2d 1059 (1953); *Baldwin v. Ewing*, 69 Idaho 176, 204 P.2d 430 (1949). The court is empowered to amend the verdict, correcting manifest errors of form, to make it conform to the intention of the jury. Therefore, it should have amended the verdict and entered judgment for defendant.

Accordingly, the order granting a new trial is reversed and the case remanded to enter judgment for defendant and awarding him costs.

All Justices concur.