1999 SD 145

Maggie MORRISON, Plaintiff
and Appellee,

v.

MINERAL PALACE LIMITED PART-
NERSHIP and Thomas R. Nelson and
Melodee Nelson, General Partners,
Defendants and Appellants.

No. 20817.

Supreme Court of South Dakota.

Considered on Briefs Sept. 13, 1999.

Decided Nov. 23, 1999.

John J. Delaney of Delaney & Sumner, Rapid City, South Dakota, for plaintiff and appellee.

Paul S. Swedlund, J. Crisman Palmer of Gunderson, Palmer, Goodsell and Nelson, Rapid City, South Dakota, for defendants and appellants.

GILBERTSON, Justice.

[¶ 1.] Plaintiff brought an action against property owners for injuries she sustained when she slipped and fell on an icy driveway. After remand, 1998 SD 33, 576 N.W.2d 869 (*Morrison I*), the jury returned a verdict finding the defendant not negligent. Plaintiff filed a motion for a new trial. The Eighth Judicial Circuit Court, Lawrence County, granted the motion and ordered a new trial. Property owners appeal. We reverse.

## FACTS AND PROCEDURE

[¶ 2.] On the evening of February 26, 1994, Maggi Morrison (Morrison) began walking across a driveway area in front of the Mineral Palace[1] in Deadwood, South Dakota. On this date, it was a clear and mild winter day, but as night fell, the temperature fell below freezing. Thawing snow that had accumulated on the streets and sidewalks began to freeze after dark.

[¶ 3.] The driveway in front of Mineral Palace is ramped down to the street to allow cars to transverse the sidewalk in order to enter a parking lot that is part of the Mineral Palace property. Frequent car traffic had caused ice and slush to accumulate on the driveway. A Mineral Palace employee, as part of his job responsibilities, inspected the driveway upon arriving for his shift. At that time, the driveway was clear with no precipitation. Notwithstanding a cooling of the temperature and the arrival of darkness, Mineral Palace was unaware of any change between the time of employee's inspection of the driveway and Morrison's injury. It had been a clear day, with no snow, sleet or rainfall. Despite the nine halogen lights that illuminated the driveway area, Morrison failed to see the ice that had formed on the lower portion of the driveway. Morrison slipped and fell, breaking her ankle.

[¶ 4.] Morrison sued Mineral Palace for her injuries and the case was tried before a jury in *Mineral Palace I*. After remand, a second jury trial was held. At the close of all evidence, Morrison made a motion

---

1. Morrison brought her claim against Mineral Palace Limited Partnership and its general partners, Thomas R. Nelson and Melodee Nelson, collectively referred to as (Mineral Palace).

for a directed verdict on the question of Mineral Palace's negligence. As in *Morrison I*, the trial court denied Morrison's motion. By way of a special interrogatory, the jury returned a unanimous verdict finding Mineral Palace not negligent.[2] Morrison filed a motion for a new trial on the grounds of insufficiency of the evidence and that reasonable minds could come to but one conclusion—that Mineral Palace was negligent. The trial court reversed itself and ruled it erred as a matter of law when it did not grant Morrison's motion for a directed verdict on the question of negligence. The trial court granted Morrison's motion for a new trial finding there was insufficient evidence in support of Mineral Palace's defense and reasonable minds could not differ on the question of negligence. Mineral Palace appeals the trial court's order granting a new trial, raising the following issue for our consideration:

> Whether the trial court abused its discretion by granting Morrison's motion for a new trial.

## STANDARD OF REVIEW

[¶ 5.] Our scope of review of the trial court's decision to grant a motion for new trial is under an abuse of discretion standard. *Sherburn v. Patterson*, 1999 SD 47, ¶ 8, 593 N.W.2d 414, 416 (citing *Harter v. Plains Ins. Co., Inc.*, 1998 SD 59, ¶ 9, 579 N.W.2d 625, 629 (citation omitted)).

> Whether a new trial should be granted is left to the sound discretion of the trial court, and this Court will not disturb the trial court's decision absent a clear showing of abuse of discretion. If the trial court finds an injustice has been done by the jury's verdict, the remedy lies in granting a new trial. We determine that an abuse of discretion occurred only if no judicial mind, in view of the law and the circumstances of the

particular case, could reasonably have reached such a conclusion.

*Gilkyson v. Wheelchair Express, Inc.*, 1998 SD 45, ¶ 6, 579 N.W.2d 1, 3 (quoting *Andreson v. Black Hills Power & Light Co.*, 1997 SD 12, ¶ 5, 559 N.W.2d 886, 887 (quoting *Schuldies v. Millar*, 1996 SD 120, ¶ 8, 555 N.W.2d 90, 95 (other citations omitted))).

## ANALYSIS AND DECISION

[¶ 6.] **Whether the trial court abused its discretion by granting Morrison's motion for a new trial.**

[¶ 7.] Grounds for a new trial have been codified at SDCL 15–6–59(a). Morrison was granted a new trial under the following subsections: [3]

> SDCL 15–6–59(a). **Grounds for a new trial.** A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes:
>
> · · ·
>
> (6) Insufficiency of the evidence to justify the verdict or other decision or that it is against law;
>
> (7) Error of law occurring at the trial; provided, that in the case of claim of error, admission, rejection of evidence, or instructions to the jury or failure of the court to make a finding or conclusion upon a material issue which had not been proposed or requested, it must be based upon an objection, offer of proof or a motion to strike.

[¶ 8.] Mineral Palace argues the evidence was sufficient to support the jury verdict finding Mineral Palace not negligent in its maintenance of the driveway and therefore the trial court erred by granting Morrison's motion for a new trial.

[¶ 9.] In conducting our review we must keep in mind that "[o]rders granting new trials stand on firmer ground than

---

2. The jury did not reach the issues of proximate cause or damages.

3. The trial court held that the motion for a new trial should be alternatively granted under subsections 6 and 7 of SDCL 15–6–59(a).

orders denying them as they are not conclusive or decisive of any rights or issues. On the contrary they merely 'open the way for a reinvestigation of the ... case upon its facts and merits.' " *Bakker v. Irvine*, 519 N.W.2d 41, 45 (S.D.1994) (quoting *Jensen v. Miller*, 80 S.D. 384, 124 N.W.2d 394, 396 (1963) (citation omitted)). "In this connection, this court views the evidence most favorable to the conclusions reached by the trial court ... rather than most favorable to the verdict when a new trial is denied." *Id.* (internal quotations omitted).

 [¶ 10.] *Sufficiency of the Evidence.*

It is a well-established rule in South Dakota that a trial court has broad discretion to grant a new trial on the ground of insufficient evidence. *Lewis v. Storms*, 290 N.W.2d 494, 497 (S.D. 1980). Nevertheless, a jury's verdict should not be set aside "except in extreme cases where it is the result of passion or prejudice or the jury has palpably mistaken the rules of law ..." *Stoltz v. Stonecypher*, 336 N.W.2d 654, 657 (S.D.1983) (citing *Simons v. Kidd*, 73 S.D. 306, 42 N.W.2d 307, 309 (1950)). A verdict should only be set aside if the jury's conclusion was unreasonable and a clear illustration of its failure to impartially apply "the reasoning faculty on the facts before them." *Lewis*, 290 N.W.2d at 497.

*Gilkyson*, 1998 SD 45, ¶ 16, 579 N.W.2d at 5 (quoting *LDL Cattle Co. ., Inc. v. Guetter*, 1996 SD 22, ¶ 13, 544 N.W.2d 523, 526–27). Furthermore, while this Court recognizes the trial court must exercise discretion when presented with a motion for a new trial, we do not mean to imply a court has carte blanche discretion to differ with the actions of a jury. *Bakker*, 519 N.W.2d at 49. "[N]either the trial court nor this court may set aside a verdict unless it is clearly unreasonable, arbitrary and unsupported by the evidence." *Id.* (quoting *Kusser v. Feller*, 453 N.W.2d 619, 621

(S.D.1990) (internal quotations omitted) (citation omitted)). In *Bakker* we said:

In considering the verdict of a jury in any particular case, to determine whether or not it is sustained by the evidence, we are not to speculate or query how we would have viewed the evidence and testimony, or what verdict we would have rendered had we been of the jury. The real and only question to be solved and answered is, *Is there any legal evidence upon which the verdict can properly be based, and the conclusions embraced in and covered by it be fairly reached?* It is the province of the jury to weigh and pass upon the evidence; to reconcile conflicting testimony; to determine the truth or value of evidence; to ascertain and declare, from all the evidence and testimony, the facts of the case; and from the facts, when ascertained by them, and the law as given to them by the court, to arrive at and announce their decision, which is their verdict.

*Bakker*, 519 N.W.2d at 49 (quoting *Drew v. Lawrence*, 37 S.D. 620, 624, 159 N.W. 274, 275 (other citations omitted)).

 [¶ 11.] We have reviewed the entire record in a light most favorable to the conclusions reached by the trial court. Having done so, we are convinced the trial court abused its discretion when it determined reasonable minds could not differ on the question of whether Mineral Palace failed to act as a reasonable business would act in Deadwood, South Dakota. On the contrary, we find that reasonable minds could differ on the issue of whether Mineral Palace was negligent in this case. We agree with Mineral Palace a review of the record reveals there was evidence supporting the jury's verdict finding the defendants not negligent.

 [¶ 12.] It was undisputed at trial Mineral Palace had a duty to maintain sidewalks abutting its property in a reasonably safe condition.[4] However, Mineral

---

4. Even though Mineral Palace employees admitted it was within their responsibilities to

Palace argued at trial it did not breach this duty to maintain the driveway located on its property, and presented evidence in its defense. Evidence at trial established the driveway area was clear when Mineral Palace had inspected the driveway that afternoon, and it had not been snowing or otherwise precipitating. In fact, there had been no precipitation in Deadwood for some time before the date of Morrison's injury. In addition, to assist pedestrians, Mineral Palace kept the driveway area well lit by nine halogen lights on the side of the building and in the driveway area. Furthermore, evidence at trial established cars drove over the driveway from time to time, depositing slush.

[¶ 13.] The evidence in this trial could reasonably have led the jury to conclude, in a northern Black Hills town, it is unreasonable to expect Mineral Palace to keep the driveway clear of every threatening deposit of slush or ice every minute of the day or night. The evidence presented could also have led the jury to conclude that Mineral Palace satisfied its duty to maintain the driveway by inspecting the area earlier in the afternoon. Furthermore, evidence could have convinced the jury since cars continually drove over the driveway and deposited slush, the only way to avoid freezing slush would be to permanently station an employee in that area. Under these circumstances, reasonable minds could disagree as to what ordinary care and skill was required of Mineral Palace. In fact, the trial court so determined by denying the motion for a directed verdict by Morrison

during the trial. It cannot be said the jury's verdict was clearly unreasonable, arbitrary, or unsupported by the evidence.

[¶ 14.] Based upon the foregoing, we find the jury could have reasonably concluded Mineral Palace presented sufficient legal evidence supporting a verdict of nonnegligence. "If the jury's verdict can be explained with reference to the evidence, rather than by juror passion, prejudice or mistake of law, the verdict should be affirmed." *Gilkyson,* 1998 SD 45, ¶ 19, 579 N.W.2d at 5 (quoting *Miller v. Hernandez,* 520 N.W.2d 266, 271 (S.D.1994)) (citing *Itzen v. Wilsey,* 440 N.W.2d 312, 314 (S.D.1989)). "The decision of the jury is likely to be upheld as questions of negligence ... are for the determination by the jury in all except the rarest of instances." *Bridge v. Karl's, Inc.,* 538 N.W.2d 521, 523 (S.D.1995) (quoting *Stoltz,* 336 N.W.2d at 657); *Westover v. East River Elec. Power Coop., Inc.,* 488 N.W.2d 892, 896 (S.D.1992) (internal quotations omitted). Based on the record in this case, this is not one of those "rare cases."

[¶ 15.] We have reviewed the entire record in a light most favorable to the conclusions reached by the trial court. As an appellate tribunal, we are precluded from retrying the facts. We can and do decide that Mineral Palace presented sufficient evidence to sustain the jury's verdict. Accordingly, we find the trial court abused its discretion in granting the motion for new trial on this basis. We reverse the trial court's order granting Morrison a new tri-

---

inspect the sidewalks and driveway for ice, and to apply Ice Melt if needed, the failure to do so does not establish negligence per se. Morrison, in her brief, argues that Mineral Palace was negligent in its maintenance of the driveway because its employee failed to inspect the area after dark pursuant to his normal employment responsibilities. It appears Morrison is attempting to equate an employee's job responsibilities with a legal duty. However, contrary to Morrison's argument, "failure to comply with a company rule does not constitute negligence per se; the jury may consider the rule, but the policy does not set

forth a standard of conduct that establishes what the law requires of a reasonable person under the circumstances." 57A AmJur2d *Negligence* § 187. Morrison fails to identify any authority which mandates that violation of a company policy is negligence per se. Thus, there was a question of fact as to whether or not any such violation constituted negligence. It was fully within the jury's province to consider whether Mineral Palace's failure to inspect the driveway after dark breached any legal duty owed to Morrison.

al and reinstate the judgment as previously entered.

[¶ 16.] MILLER, Chief Justice and KONENKAMP, Justice, concur.

[¶ 17.] SABERS, Justice, concurs specially.

[¶ 18.] AMUNDSON, Justice. dissents.

SABERS, Justice (concurring specially).

[¶ 19.] It is obvious from the evidence and the varying positions of the jury and the **trial court** in *Morrison I* and *Morrison II* that reasonable minds can and do differ in this case. *McDonough v. Kahle,* 1999 SD 14, ¶ 21, 588 N.W.2d 600, 604 (holding that due to the conflicts in the evidence, reasonable minds could differ; therefore, the trial court erred in granting a directed verdict); *Border States Paving, Inc. v. SD Dep't of Transp.,* 1998 SD 21, ¶ 10, 574 N.W.2d 898, 901 (adhering to the standard that a directed verdict is not appropriate when "sufficient evidence exists so that reasonable minds could differ") (citations omitted); *Sporleder v. Van Liere,* 1997 SD 110, ¶ 12, 569 N.W.2d 8, 11 (reiterating the standard that "[i]f sufficient evidence exists so that reasonable minds could differ, a directed verdict is not appropriate") (citations omitted); *Bankwest, Inc. v. Valentine,* 451 N.W.2d 732, 734 (S.D.1990) (stating "[i]f sufficient evidence exists so that reasonable minds could differ, a directed verdict is not appropriate"). Therefore, the trial court erred in granting a new trial and I concur.

AMUNDSON, Justice (dissenting).

[¶ 20.] I would dissent for the following reasons.

[¶ 21.] This is the second occasion that we have had to review this trial court's granting of a new trial. In the first case, plaintiff recovered inadequate damages so the trial court granted a new trial. After the second jury verdict, the trial court again considered the results. The trial court rendered its memorandum decision on October 13, 1998, which stated:

> Based on counsels' arguments and my review of the record I am satisfied that I erred as a matter of law when I did not grant Plaintiff's motion for a directed verdict on the question of negligence at the close of all of the evidence and that, further and alternatively, the evidence was insufficient upon which the jury could find no negligence on the party of Defendants.

[¶ 22.] We have previously stated in State v. Collier, 381 N.W.2d 269, 272 (S.D. 1986), that "a motion for new trial addresses the sound discretion of the trial judge, whose superior knowledge of all the facts and circumstances of the case enables him to know the requirements of justice." I would say that the trial court in this case had "superior knowledge" of what went on during these two cases and in exercising its judicial duty, acknowledged that an error was made. I would be hard pressed to review this cold record and hold that the trial court abused its discretion in granting a new trial after its two voyages through the troubled waters of this case.