JENSEN, Respondent v. MILLER, Appellant

(124 N.W.2d 394)

(File No. 10081. Opinion filed November 12, 1963)

**Davenport, Evans, Hurwitz & Smith, Ellsworth E. Evans, Carleton R. Hoy,** Sioux Falls, for Defendant and Appellant.

**Mundt & Weisensee, George D. Weisensee,** Sioux Falls, for Plaintiff and Respondent.

HANSON, P.J. In this action to recover damages for personal injuries the jury returned a verdict in favor of defendant. On plaintiff's application a new trial was granted and defendant appeals.

The accident occurred about 7:30 Sunday morning, February 11, 1962, on Highway 16 approximately 3 miles west of Sioux Falls. Daylight was just breaking, the highway was icy, and it was very foggy. The plaintiff, Robert Jensen, a thirteen-year-old boy, was riding in the front seat of a car owned and operated by his father. They were proceeding west on the way to Wall Lake.

The defendant, Lawrence Miller, a music instructor in the Gettysburg public schools was in Sioux Falls with some music students attending a music clinic. They were staying at the Westwick Motel located west of the city on the south side of Highway 16. About 7:30 Sunday morning defendant left the motel in his 1961 Chevrolet to take a student, Paul Sholmeier, to church. As defendant approached Highway 16 he testified he stopped at the stop sign, looked east and west, and seeing no approaching cars slowly entered the highway and turned east. Shortly after turning east he was struck from behind by another eastbound vehicle driven by Hobson Mason. The impact caused defendant to lose control of his car which swerved north and collided with the Jensen automobile. The right front side of defendant's car struck the front end of the Jensen car and came to rest facing west. The Mason car came to rest in the north ditch east of the Jensen and Miller vehicles. At the time of the first impact defendant estimated his speed to be 18 to 20 miles per hour and Mason estimated his to be 30 miles per hour. Because of limited visibility all the vehicles involved had headlights on.

Mason said he could see the Jensen automobile approaching from the east at a distance of 400 to 500 feet. Plaintiff's father testified he could see the Mason vehicle approaching from the

west at a distance of 300 or 400 feet. At the same time he ob-
served defendant coming out of the motel driveway and com-
mented the two vehicles were going to hit. He thereupon pulled
over to the north shoulder and stopped where his vehicle was
soon thereafter struck by defendant's automobile.

Contrary to defendant's contentions plaintiff's appli-
cation for a new trial conforms to the letter and spirit of our ap-
pellate procedure contained in SDC 1960 Supp. Chapter 33.16.
It is of no consequence that the application for a new trial is
titled a "Motion for New Trial." SDC 1960 Supp. 33.1603 specifi-
cally refers to a "motion or application for a new trial." Likewise,
it is of no significance that the "particulars wherein the evidence
is claimed to be insufficient" required by SDC 1960 Supp. 33.1606
in support of subdivision (6) SDC 1960 Supp. 33.1605 is stated
in an affidavit attached to the Motion for New Trial rather than
in the body of the Application itself. The concluding paragraph
of the Motion refers to the supporting 4-page affidavit in the fol-
lowing language: "That attached hereto is an affidavit in sup-
port of this motion setting out more fully the aforesaid grounds
for a new trial". Court and counsel were thereby fully apprised
of the particulars wherein plaintiff claimed the evidence was in-
sufficient to support the verdict.

The remaining question is whether or not the trial court
abused its discretion in making and entering its order granting
a new trial upon the following grounds:

"1.

"That the verdict of the jury was not sustained by
sufficient evidence, was contrary to the law and the evi-
dence and did not do substantial justice.

"The defendant Miller was negligent as a matter of
law for entering upon an arterial highway without first
making certain that such movement could be made in
safety. This duty is placed on the party entering an ar-
terial highway by statute, and the very fact that the ac-
cident occurred is evidence of the fact that the defend-
ant violated this statutory duty.

"Further, by defendant's own testimony he did not stop again after leaving the stop sign, and does not know if he looked to the west again while traveling the thirty feet from the stop sign to the highway. In order to avoid being negligent as a matter of law, defendant would have had to at least take these precautions before entering the icy highway.

"The physical evidence would indicate that if defendant Miller had looked to the west during last thirty feet, he would have seen the Mason car somewhere within one hundred feet, regardless of the speed the Mason car was traveling.

"In addition to this, you have the established fact that plaintiff's father pulled off the pavement, part way off on the shoulder and stopped; and the unrefuted fact that he did so because he felt certain that there was going to be a collision when the defendant Miller pulled out of the driveway in front of the Mason automobile.

"The negligence of the defendant Miller was a contributing cause to this accident, concurring with the negligence of one Mason; and that without the negligence of Defendant Miller, no accident would have occurred regardless of the negligence of Mason in speeding on an icy highway. If the defendant Miller had taken the precaution provided by law of looking and making certain that he could enter the highway in safety, no accident or injuries would have occurred.

"2.

"The Court's instruction Number 5, which indicated that Miller had to foresee that his negligent conduct would produce an injury to a third party before he could be held liable, was not a proper statement of the law, and was confusing to the jury under the circumstances of this case. That a timely exception was taken by the Plaintiff to said instruction. That the giving of said instruction was an error in law occurring at the trial."

 It is well established that an application for new trial on the ground of insufficiency of the evidence is addressed to the sound judicial discretion of the trial court and its ruling will not be disturbed in the absence of a clear showing of abuse of that discretion.

 Orders granting new trials stand on firmer ground than orders denying them as they are not conclusive or decisive of any rights or issues. On the contrary they merely "open the way for a reinvestigation of the entire case upon its facts and merits." Pengilly v. J. I. Case Threshing Mach. Co., 11 N.D. 249, 91 N.W. 63. In determining whether the trial court abused its discretion in granting a new trial this court views the evidence most favorable to the conclusion reached by the trial court, Gamble v. Keyes, 39 S.D. 592, 166 N.W. 134, rather than most favorable to the verdict when a new trial is denied. Hanisch v. Body, 77 S.D. 265, 90 N.W.2d 924. Also, this court will rarely disturb an order granting a new trial as an abuse of discretion where the verdict rests upon conflicting evidence. Allen v. McLain, 74 S.D. 646, 58 N.W.2d 232.

 The evidence in the present case was conflicting in some material respects. Differing inferences could reasonably be drawn from it favorable to either party. As a consequence, we find nothing in the record to indicate the trial court acted unreasonably or arbitrarily in granting a new trial on the ground of insufficiency of the evidence.

 In addition, the court, in its discretion, was fully justified in also predicating a new trial on the ground of error at law occurring at the trial for having given Instruction No. 5 to which plaintiff had excepted. A portion of such instruction was patterned after NO-104D of the California Jury Instructions, Civil for use when the conduct of two or more persons, acting independently and at different times, create or contribute to the cause of an injury. In the present case Mason and defendant acted independently of each other, but there was no separation of time in their conduct. Their causal conduct in relation to plaintiff's alleged injuries was simultaneous and immediate. Instruction No. 5 injected the unnecessary and confusing element of foreseeability into the case with respect to defendant's possible liability for the

consequences of his contributive conduct. Although the jury may have been correctly advised on the subject of concurring negligence in a subsequent instruction the confusing effect of Instruction No. 5 was not thereby cured or obliterated. A new trial was therefore properly granted by the trial court as the impact of the incorrect and inconsistent instruction was likely to and reasonably could confuse or mislead the jury as to the controlling principles of law involved.

Affirmed.

All the Judges concur.