FORD, Respondent v. POLICKY, Appellant

(135 N.W.2d 473)

(File No. 10136. Opinion filed June 8, 1965)

**Walter Mueller,** of **Overpeck, Hamblin & Mueller,** Bellē Fourche, for appellant.

**Elmer Hill,** of **Clark & Hill,** Belle Fourche, for respondent.

BIEGELMEIER, J.  Plaintiff was a passenger in a 1960 Ford Falcon owned and driven by her husband in a northerly direction on U. S. Highway 85 a mile south of Belle Fourche, South Dakota, about 7:30 on a bright sunshiny morning in April, 1960. The couple lived in Montana and were unfamiliar with the highway.  As they proceeded north a road sign indicated a 40 mile an hour speed zone, evidently so marked because of some service stations and other commercial enterprises adjoining the highway.  Upon reaching this built-up area at his estimated speed of 35 to 40 miles, the driver noticed a 1947 Ford bulk gas truck pulling out in front of him from a driveway of a service station to his right.  It was driven by defendant's employee, C. J. Van Ausdal.  Had that truck been the only vehicle no accident would have occurred.  However, a short time prior to this Garold Jackson desired to start one of his father's trucks for use in their work.  This truck was parked at defendant's truck stop.  The father Walter Jackson had an agreement with the manager of defendant's truck stop that he could park there and they would service his trucks as he then had no shop of his own.  The Jackson truck consisted of a diesel powered ten wheel tractor attached to an eight wheel flat bed truck called a Freightliner. Garold Jackson could not start the motor as the batteries were dead so he asked defendant's employee Van Ausdal to pull it. This had been done before to start it but they usually parked it in a different area and pulled it from that place through the service station instead of out on the highway.  A quarter inch log chain was attached from the Ford gas truck to the Freightliner and they proceeded to enter U. S. Highway 85, Van Ausdal driving the gas truck pulling the Freightliner.  The chain was about two feet from the road and carried no red flag, cloth or signal, nor was there any other warning of its presence or that it was towing another vehicle.  Their speed was from three to five miles an hour.  As the gas truck was 23 feet long, the chain

25 feet and the Freightliner flat bed unit 46 feet, the total length of the combination was 94 feet. Near the center of Highway 85 the lead truck turned to the left (south); thus the chain between the trucks completely blocked the traffic lane in which plaintiff was proceeding. Plaintiff's husband saw the gas truck come out and testified he did not see the chain across the road in front of him until he was about 20 or 30 feet from it. The Falcon hit the chain and slid into the front of the Freightliner causing plaintiff's injuries. The jury verdict was for defendant. On her application the court granted a new trial and defendant appealed. We affirm the order.

Plaintiff's application for a new trial stated as the grounds therefor that the evidence was insufficient to justify the verdict, the particulars thereof and that it was against the law. While the order granting a new trial is not couched in the clear language SDC 1960 Supp. 33.1611 directs, we interpret it to be based on both grounds of the application. Indeed, they are here difficult to separate.

The recent opinion of Jensen v. Miller, 80 S.D. 384, 124 N.W.2d 394, declares the guide lines for our review of orders granting new trials. There the court wrote:

"It is well established that an application for new trial on the ground of insufficiency of the evidence is addressed to the sound judicial discretion of the trial court and its ruling will not be disturbed in the absence of a clear showing of abuse of that discretion.

"Orders granting new trials stand on firmer ground than orders denying them as they are not conclusive or decisive of any rights or issues. On the contrary they merely 'open the way for a reinvestigation of the entire case upon its facts and merits'. * * * In determining whether the trial court abused its discretion in granting a new trial this court views the evidence most favorable to the conclusion reached by the trial court, * * * rather than most favorable to the verdict when a new trial is denied. * * * Also, this court will

rarely disturb an order granting a new trial as an abuse of discretion where the verdict rests upon conflicting evidence. * * *"

Viewing the evidence most favorable to the conclusion of the trial court (Jensen v. Miller, supra) or the undisputed evidence of negligence the trial court did not abuse its discretion in granting a new trial and the order is affirmed.

All the Judges concur.