KAMP DAKOTA, INC., Appellant v.
SALEM LUMBER CO., INC., Respondent

(237 N.W.2d 180)

(File No. 11591. Opinion·filed December 31, 1975)

**T. F. Martin, McCann, Martin & Mickelson,** Brookings, for plaintiff and appellant.

**Richard W. Sabers, Dana, Golden, Moore & Rasmussen,** Sioux Falls, for defendant and respondent.

DUNN, Chief Justice.

This is an appeal from a jury verdict in the Circuit Court of the Fourth Judicial Circuit which awarded the plaintiff $200 to be offset against a sum of $594.99 awarded the defendant on his counterclaim and the order denying plaintiff's motion for a new trial on the grounds that its proven damages exceeded the amount awarded by the jury. We affirm.

This is an action for breach of contract. The plaintiff, Kamp Dakota, is a South Dakota corporation which operates campgrounds for tourists passing through the state. Defendant, Salem Lumber, is a South Dakota corporation which sells lumber and other building materials and does some construction work.

On April 26, 1971, plaintiff through its president and general manager, Melvin L. Thorne, entered into a contract with defendant through its general manager, Ed Kranz. Under the contract the defendant was to construct two swimming pools for the plaintiff, one at its campground at Hartford and one at its campground outside Salem, South Dakota. The total price was $13,500.

Construction on the pools was begun in the spring of 1971. The Hartford pool was completed in the summer of 1971 and the Salem pool was completed in late fall of the same year. Defendant encountered some trouble in constructing the pools. At

Salem, it had difficulty excavating because of an unusually high water table. At Hartford, the cement for the pool floor lacked sufficient strength and had to be replaced by the defendant. In the spring of 1972 Mr. Thorne indicated to Mr. Kranz that he was not at all happy with the construction of either pool. He claimed that both pools leaked water, that the decking around the pools was cracking, and that the interior walls of the pools were rough and the paint was chipping off of them.

Plaintiff commenced suit against the defendant on October 25, 1973. At that time plaintiff alleged breach of contract and prayed for damages in the amount of $4,267.48. Later an amendment was allowed whereby damages were increased to $6,767.48. The defendant answered and counterclaimed for $594.99, which was the unpaid balance on the contract.

Plaintiff argues only one point on this appeal. It contends that the court erred in denying it a new trial because its proven damages exceeded the amount awarded by the jury. Plaintiff's claim is based upon SDCL 15-6-59(a)(5) which says that a new trial may be granted to any party if there are "[e]xcessive or inadequate damages appearing to have been given under the influence of passion or prejudice."

Before considering this case specifically, there are some basic principles of law in this state that must be set out. First, the jurors are the sole judges of the credibility of the witnesses, and the question of damages is strictly a jury question. *Rowan v. Becker*, 1950, 73 S.D. 273, 41 N.W.2d 836.

Second, the trial judge has primary responsibility to determine if a new trial shall be granted because of inadequate damages, and the denial of a new trial will not be disturbed on appeal unless there is a clear abuse of discretion. *State Highway Comm. v. Madsen*, 1963, 80 S.D. 120, 119 N.W.2d 924.

In the instant case plaintiff hired an engineer as an expert witness to inspect both pools and testify as to his opinion of the cost of repair. Plaintiff claims that this evidence was uncontroverted by the defendant. However, as was stated in *Rowan v. Becker*, supra:

"This case does not involve liquidated damages. The proof of damages rests largely upon opinion evidence. Such evidence was to some degree weakened by cross-examination. The jurors were the sole judges of the credibility of the witnesses. They were not bound to accept the testimony of appellant's witnesses as absolutely true." 73 S.D. at 280, 41 N.W.2d at 839.

In this case plaintiff's expert testified that two weeks before trial he was unable to give an opinion as to the cost of repair, but that he could give his opinion now because he had talked to some individual since then. The individual referred to was not a witness at the trial. The jury was justified in believing all, some, or none of the cost estimates of this expert witness.

The record reveals that plaintiff's president, Mr. Thorne, took a very active interest in the construction of the pools. In fact, he drew up the initial plans and specifications. He visited the job sites frequently and there is even testimony that he ordered certain changes in the construction of the pools and modifications of the contract in order to keep costs down. For instance, one of plaintiff's allegations is that the walls of the pool were very rough. However, Mr. Kranz testified that Mr. Thorne ordered him to use a broom finish on the walls rather than a smoother trowel finish in order to lower the contract price. Mr. Kranz also testified that he never received all of the plans and specifications for the pools from Mr. Thorne.

Plaintiff also complained of the pools leaking. It was claimed that this was partly due to defendant's using a jute or okum backing. It was alleged by plaintiff that the instructions on the can of filler stated that jute or okum was not to be used as a base. However, Mr. Kranz testified that Mr. Thorne insisted that jute or okum be used and that the two men traveled to Sioux Falls to purchase it.

From the foregoing it is obvious that there was differing testimony before the jury as to the extent of defendant's breach of contract and the damages actually incurred. The jury had a right to resolve this conflicting testimony. We cannot conclude as a matter of law that the jury verdict was inadequate

and was based upon passion or prejudice. Nor can we conclude that the court abused its discretion in denying the motion for a new trial. Both the judge and jury were physically present in the courtroom and observed the demeanor of the witnesses. On the basis of this record we cannot substitute our judgment for theirs. Therefore, the judgment and order are affirmed.

All the Justices concur.