BASIN ELECTRIC POWER COOPERATIVE, Appellant v. GOSCH, et al., Respondents

(240 N.W.2d 96)

(File No. 11566. Opinion filed March 25, 1976)

**John F. Murphy,** of **Donley & Murphy,** Elk Point, for plaintiff and appellant.

**Kennith L. Gosch,** of **Bantz & Gosch,** Aberdeen, for defendants and respondents.

CHEEVER, Circuit Judge.

This is an appeal from an order of the trial court granting a new trial to defendant landowners. The plaintiff herein contends that the trial court abused its discretion in granting the order for a new trial. We affirm the trial court.

Basin Electric Power Cooperative, a corporation, plaintiff and appellant, commenced this proceeding to condemn under its power of eminent domain certain lands belonging to defendants for the purpose of imposing a transmission line easement along the eastern edge of the West One-Half (W ½) of Sections Twelve (12) and Thirteen (13) in Township 123, Range 78, Walworth County, South Dakota. Plaintiff sought no title to the land involved but only an easement across the same for the purpose of erecting and maintaining a power transmission line. The title was to remain in the landowners who were to have such use and enjoyment of the same which was not inconsistent with the use to be made by plaintiff.

At the time of the trial, the transmission line had not been constructed. One of plaintiff's witnesses, an engineer employed by Basin Electric, testified that the plans for the transmission line showed that the towers were to be located along the eastern-most edge of defendants' property; that the east legs of the towers would be from two to eight feet from defendants' fence line; that the transmission line would overhang the fence. Nine of the towers would be situated on tillable land and two on non-tillable pasture land. He further testified that the towers would vary in height from 72½ to 97½ feet with a minimum clearance of the wires above ground of 32 feet.

Defendant Frank Gosch, Jr. testified that in his opinion the damages resulting from the imposition of the easement on the land would amount to $19,600. A neighboring farmer testified that in his opinion the damages resulting to defendants' farm would amount to $14,700 and another of defendants' witnesses, a real estate agent and auctioneer from Mobridge, testified that in his opinion the damages would be in the sum of $14,064.65.

Plaintiff called two valuation witnesses. One, a full-time real estate appraiser, who testified that in his opinion the damages to defendants' property as the result of the taking of the easement would amount to $2,365. The second valuation witness on behalf of plaintiff was a farmer-rancher and part-time appraiser who testified that in his opinion, using the market-value approach, the damages to defendants' property would amount to $2,135 and that using the income approach the damages would amount to $2,280.

The jury awarded defendants $3,000 for the taking of the land involved in the easement.

Subsequent to the entry of judgment, defendants' trial attorney withdrew from the case and the present attorneys for the defendants filed a motion for new trial. Such motion was supported by several affidavits and supplemental affidavits. The motion was resisted by plaintiff and the matter came on for hearing before the trial court. Prior to the time of filing the application for new trial, construction had commenced on the transmission line and the steel towers were in place across defendants' property.

The court granted defendants' motion for a new trial on two grounds which are briefly summarized as follows: (1) The award of damages in the sum of $3,000 was inadequate and was given under the influence of passion or prejudice and was not justified by the evidence produced at the trial; the low verdict did not represent even a mere token of the true value of the property taken, and (2) The discovery of new evidence by defendants which was material to them and which could not with reasonable diligence have been discovered and produced at the trial, said evidence consisting of the following: (a) The height of the towers placed on defendants' property was greater than that testified to by plaintiff's witness at the time of trial, (b) The location of the towers from the east fence line was different from that testified to by plaintiff's witness at the time of trial, (c) The actual location of the east boundary line of defendants was east of the fence line and contained 1.41 acres more than was brought out at trial, (d) The actual acres taken by plaintiff were 1.8 acres more than

claimed by the plaintiff, and (e) The actual length of the easement taken across the land of defendants was 253.02 feet more than shown by plaintiff at the time of trial.

Plaintiff has assigned as error six separate items. Three of the assignments of error allege in substance that the jury verdict was based on the only substantial and competent evidence presented at the trial as to value, and that there is no evidence that the jury award was inadequate and given under the influence of passion or prejudice. The other three assignments of error pertain to the newly discovered evidence asserted by defendants and allege that there was no clear showing of reasonable diligence on the part of defendants to discover and produce such evidence at the time of trial or that such evidence was material and would have changed the result of the trial.

The authority of the trial court to grant a new trial is limited by the provisions of SDCL 15-6-59(a). The application for and the order granting the new trial were based on subdivisions (4), (5) and (6) of such section.

■ It has been fundamental law in South Dakota for many years that a motion for a new trial upon a question of fact is addressed to the sound discretion of the trial court and that the granting or the refusing of such new trial will not be disturbed by the appellate tribunal unless it appears affirmatively from the record that there has been an abuse of such discretion. This court has also held that the same rules apply in condemnation proceedings as in other cases. State Highway Commission v. Madsen, 1963, 80 S.D. 120, 119 N.W.2d 924.

■ It is also fundamental law in this state that a stronger case must be made to justify the appellate court in disturbing a finding of the trial court granting a new trial than if the trial court had refused a new trial. The position relative to the granting of new trials is set forth in the decision of Gould v. Mans, 1967, 82 S.D. 574, 152 N.W.2d 92, and affirmed most recently in Mueller v. Mueller, 1974, 88 S.D. 446, 221 N.W.2d 39.

The question thus presented is simply whether or not the

record reflects that the trial court did, in fact, abuse its discretion in granting the new trial.

■ The record must be examined viewing it most favorably to the conclusion of the trial court. Ford v. Policky, 1965, 81 S.D. 361, 135 N.W.2d 473, citing Jensen v. Miller, 1963, 80 S.D. 384, 124 N.W.2d 394; Gamble v. Keyes, 1917, 39 S.D. 592, 166 N.W. 134.

■ Examining the record pertaining to the granting of a new trial in that the verdict was inadequate and was given under the influence of passion or prejudice and not justified by the evidence produced at the trial, the record reflects, as previously indicated, that there was a wide variation between the testimony of the landowners' witnesses and the testimony of plaintiff's witnesses as to the damages involved. This is not at all unusual in a condemnation action. While plaintiff has asserted in its brief and in the assignments of error that the testimony of its witnesses was the only competent testimony which the court should consider, the fact remains that the trial judge was a participant in the trial. He was an able and experienced trial judge and was in better position to judge the weight and credit to be given to the testimony of the witnesses than is this court in viewing the cold record of the transcript. It is true that the verdict was within the range of the testimony offered by the various witnesses. It was only slightly above the testimony given by plaintiff's witnesses and less than 25 percent of the lowest of the defendants' witnesses. In granting the order for a new trial, the court made a determination that the award of the jury was inadequate; that it was given under the influence of passion or prejudice and was not justified by the evidence produced at the trial. The court is clothed with a latitude of discretion in passing on such a motion and this court will not disturb its decision except for clear abuse. The record in this case does not demonstrate that there was a clear abuse of this discretion.

■ We now turn to the second ground upon which the court granted a new trial, that is, newly discovered evidence which could not with reasonable diligence have been discovered and produced at the trial. Applications for new trial based solely on the grounds of newly discovered evidence are frowned upon by

the courts. Piper v. Barber Transportation, 1961, 79 S.D. 353, 112 N.W.2d 329; Gaines v. White, 1891, 1 S.D. 434, 47 N.W. 524. In order to grant such a motion based solely on this ground, the applicant must demonstrate first that it is newly discovered evidence and secondly that it could not, by reasonable diligence, have been determined and produced at the trial and that it would be believed by the jury and would produce a different result. In this case, it must be remembered that at the time of trial, the steel towers had not been erected across defendants' land. Two of the grounds urged as newly discovered evidence claim that there is a variation in the actual location and height of the towers as constructed from what the location and height of the towers would be according to the testimony of plaintiff's engineering witness who was apparently testifying from the plans and blueprints of the line. Whether these two items would have affected the award of the jury or not would be purely speculative, but certainly they are items to be considered in measuring damages and could not possibly have been discovered until such time as the towers had been erected. The other three items of claimed newly discovered evidence are such as could only have been discovered by having an actual survey made of the right-of-way easement. At the time of trial, plaintiff and defendants relied upon a survey made by plaintiff and introduced and received as Exhibit No. 4. After the trial, for some reason, defendants apparently doubted some of the measurements and figures contained in plaintiff's survey and had an independent survey made prior to the motion for new trial. This independent survey and the surveyor's affidavit was incorporated in and made a part of the motion. This survey shows a discrepancy both as to the number of acres involved and the length of the area over which the easement would traverse. These items certainly could well have affected the decision of the jury. It does not clearly appear from the record that the trial court abused its discretion in granting a new trial based upon the secondary grounds of newly discovered evidence.

The order of the trial court is affirmed.

DUNN, C. J., and WINANS and COLER, JJ., concur.

CHEEVER, Circuit Judge, sitting for WOLLMAN, J., disqualified.