268 N.W.2d 144 (1978)
The STATE HIGHWAY COMMISSION of the State of South Dakota on Behalf of and in the name of the STATE of South Dakota, Plaintiff and Respondent,
v.
Harold C. BREDVIK, Defendant and Appellant.
No. 12212.
Supreme Court of South Dakota.
Argued May 15, 1978.
Decided July 20, 1978.
*145 Camron D. Hoseck, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, Carl W. Quist, Asst. Atty. Gen., Pierre, on the brief.
Philip W. Morgan, Britton, for defendant and appellant.
DUNN, Chief Justice.
This is a condemnation action involving the interstate highway system as it affects the defendant's farm located near New Effington, South Dakota. On January 18, 1977, a jury from the Fifth Judicial Circuit awarded the defendant $5,000 in compensation for the taking. The defendant appeals from the judgment of that award. We affirm.
The taking involved a strip of land along the eastern edge of defendant's farm. The plaintiff contends that 11.5 acres were taken, but in his testimony at trial, defendant claimed that 14 acres were taken. The taking also involves removal of part of a shelter belt and will require that the defendant drive one mile north or three miles *146 south to get across the highway going east. Prior to the taking, he had an east-west road running along his section line.
The defendant is over 70 years old and has been blind for 40 years. He hires people to drive his tractor for him but otherwise is actively involved in the farming of the land. Other facts relevant to the issues raised will be mentioned in the discussion of each issue.
The defendant contends that the trial court erred in sustaining an objection to a particular question concerning circuity of travel. After developing the facts concerning the loss of access to a road going east, counsel for the defendant asked the following question:
"So if he were going to go to Rosholt, or something, from this quarter, there would be some circuity of travel involved, or if he were going anyplace east?"
An objection was made to the question as calling for a conclusion of law, and the objection was sustained. We conclude that this was, at most, harmless error. The jury had been presented with evidence that the defendant would have to drive several miles out of his way to reach a road heading east, and the question objected to was merely cumulative. Since neither the instructions given nor those proposed by defendant's counsel specifically mentioned loss of access or circuity of travel as an element of damages, we fail to see how the defendant was harmed by the refusal to allow this question to be asked. The jury was aware of the fact that the defendant would have to drive out of his way as a result of the highway, and we assume it considered that fact in applying the general damage instruction given it.
A more serious issue is raised concerning the refusal of the trial court to allow evidence of special damage to the defendant to be admitted. The defendant's theory is that the land was special to him because it had been in his family for two generations and because of his blindness. He argues that his ability to farm in spite of his blindness is a result of knowing the particular land so well, and because of this, the land holds a special value to him.
The general rule is stated at 4 Nichols, Eminent Domain, § 12.22[2] as follows:
"As long as there is an ascertainable market value, no consideration need be given to value peculiar to the owner. Sentimental value must be ignored."
This court has stated that market value "does not mean speculative or remote value" nor does it mean value "affected either by sentimental or adverse elements." State Highway Com'n v. American Memorial Parks, 1966, 82 S.D. 231, 245, 144 N.W.2d 25, 32. In the same case, we stated that to justify departing from the general rule of damages the property owner "has the burden of showing that it is impossible to prove the value of the property without dispensing with the usual rule."
American Memorial Parks, supra, at 82 S.D. 244, 144 N.W.2d 32. After viewing the evidence presented, we hold that the trial court did not err in refusing to depart from the general rule concerning the measure of damages.
In an effort to gain recovery for harm done to the farm land as a result of removal of part of the shelter belt, the defendant proposed the following instruction:
"You are instructed that where a part of an owner's land is taken for a public improvement such as an interstate highway, and the part taken constitutes an integral and inseparable part of a single use to which the land taken and other adjoining land is put, the owner is entitled to recover the full damage to his remaining property due to such public improvement."
Plaintiff objected to this instruction on the ground that it was repetitive of the regular instruction concerning severance, and the trial court agreed. That regular instruction reads in part:
"In determining the amount of just compensation which you will award to the landowner in this case, you will consider the value of the property taken, and also the depreciation in value, if any you shall find, of the part remaining after the taking. Under the law, this latter element *147 or item of just compensation is called severance, and it means the diminution in value of the land which remains after a part of the land is taken, and which diminution in value is a result of the taking."
As we read the two instructions, they both state that the jury is allowed to consider not only the damage to the part taken but also the diminution in value to the remaining land. The proposed instruction adds nothing to the instruction given, so we hold that the court did not err in refusing the proposed instruction.
Finally, we must deal with the trial court's denial of the defendant's motion for a new trial. He alleges in two affidavits that the damages were insufficient and the result of a mistake and that there is newly discovered evidence in the form of a soil fertility test. On the damages issue, he stated that the actual acreage taken was 20 acres but that his counsel at trial failed to put this figure into evidence,[*] and he also claims that testimony by a witness for the plaintiff that the wind was predominantly from the west was erroneous.
It is settled law that a motion for a new trial is addressed to the sound discretion of the trial court, and its decision will not be disturbed on appeal unless it appears affirmatively from the record that there has been an abuse of discretion. Basin Elec. Coop. v. Gosch, 1976, S.D., 240 N.W.2d 96; Byre v. Wieczorek, 1974, 88 S.D. 185, 217 N.W.2d 151. As to the "newly discovered" fertility test, this was clearly evidence which could have been introduced at trial had the defendant exercised "reasonable diligence." SDCL 15-6-59(a)(4). In addition, it was merely cumulative of the defendant's testimony at trial. The question of the predominant wind direction was presented to the jury, since the defendant and his neighbor both testified that the winds were mainly from the south and east in the spring.
The issue of how many acres were actually taken is more complicated. The witness for the plaintiff testified that 11.5 acres were taken, but the defendant testified that 14 acres were taken, and he also placed his estimate of damages at $19,000. This was figured at a rate of around $800 per acre, so he was apparently claiming that 20 acres were taken by this testimony. In his affidavit in support of the amended motion for new trial, the defendant states that he had measured the acreage at 20 acres and had it confirmed by the A.S.C.S. prior to trial, but his attorney failed to allow him to testify to this fact. No survey was attached to this affidavit. The record reveals, however, that the defendant testified as follows:
"Well, I didn't measure it, but the way it looks to me they'll get about 14 acres, and they say there's 11½, but I disagree with them."
In view of this contradiction between the record and the affidavit, we hold that the trial court did not abuse its discretion in refusing to grant a new trial.
The verdict returned was higher than the plaintiff's figure and lower than the defendant's, and our review of the record convinces us that the verdict should be allowed to stand.
The judgment is affirmed.
All the Justices concur.
NOTES
[*] Counsel on appeal did not represent defendant in the trial court.