**William GROSS, Plaintiff and Appellant,**

**v.**

**Roger KOUF, Individually and d/b/a Roger's Salvage, Defendant and Appellee.**

**Nos. 14380, 14399 and 14445.**

Supreme Court of South Dakota.

Considered on Briefs April 19, 1984.

Decided June 13, 1984.

James C. Roby of Oviatt, Green, Schulz & Roby, Watertown, for plaintiff and appellant.

Howard W. Paulson of Christopherson, Bailin & Anderson, Sioux Falls, for defendant and appellee.

DUNN, Justice.

This is an appeal from orders of the trial court in a wrongful conversion action. We affirm in part and reverse and remand in part.

The plaintiff, William Gross (Gross), was the owner of a 1976 Chevrolet automobile. Because of damage to the vehicle, Gross hired Terry Durham to repair it. Durham operated a body shop in Hayti, South Dakota, in a building leased from defendant Roger Kouf (Kouf). Near the end of July of 1980, Durham vacated the building, leaving Gross' vehicle on the premises. Kouf removed the automobile from the building and took it to his auto salvage business in Watertown, South Dakota.

On August 25, 1980, Kouf informed Gross by letter that he had possession of the automobile and demanded that Gross pay towing and storage costs; Kouf stated that if payments were not forthcoming within thirty days, the vehicle would be disposed of. Gross refused to make payments and demanded return of the automobile. Kouf refused to give up possession

of the automobile and proceeded to dismantle it and store it at his salvage yard.

Thereafter, Gross brought an action for wrongful conversion of the vehicle. The case was presented to a jury, which returned a verdict for Gross and awarded him $2,200.00 in actual damages and $6,600.00 in punitive damages. When judgment was entered, the trial court added interest of $1,014.84, figured from the date of conversion. Kouf subsequently filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. The trial court denied the former motion, but agreed to grant a new trial on the issue of punitive damages if Gross did not accept a reduction in punitive damages to $1,000.00. Gross declined to accept the reduction in damages. The trial court also granted a motion by Kouf to eliminate interest from the judgment.

■ The first issue raised by Gross on appeal is whether the trial court erred in granting a new trial on the punitive damages issue following Gross' refusal to accept a reduction in punitive damages. Gross contends that under the facts of this case, the jury's award of $6,600.00 in punitive damages was not excessive. We agree. While it is true that a trial court is clothed with discretion in granting a new trial based on excessive damages, *Stene v. Hillgren*, 77 S.D. 165, 88 N.W.2d 109 (1958), we find that in this case the trial court was not justified in reducing the punitive damages.

■ In *Hulstein v. Meilman Food Industries*, 293 N.W.2d 889 (S.D.1980), a case with procedural facts almost identical to those in the present case, we dealt at length with the question of punitive damages. We stated that the purpose of awarding punitive damages is to punish the wrongdoer. There is no precise mathematical ratio between compensatory and punitive damages; the amount of punitive damages turns on the particular facts of each case. Punitive damages must not be oppressive or so large as to shock the senses of fair-minded men, but they may considerably exceed compensatory damages. To accomplish the objective of punishing the wrongdoer and deterring others from similar wrongdoing, punitive damages must be relatively large. Factors having a bearing upon the amount of punitive damages are 1) the amount allowed in compensatory damages; 2) the nature and enormity of the wrong; 3) the intent of the wrongdoer; 4) the wrongdoer's financial condition; and 5) all of the circumstances attendant to the wrongdoer's actions. *Id.* at 892 (citations omitted). *See also, Black v. Gardner*, 320 N.W.2d 153 (S.D.1982). In *Hulstein*, we held that an award of punitive damages was not excessive even though it was approximately eleven times larger than the compensatory damages.

■ Here, it was established at trial that Kouf's actions were deliberate and not the result of accident or negligence. Kouf admitted knowing that Gross owned the vehicle; he admitted receiving demands for the automobile from Gross and Gross' attorney; and yet, he dismantled Gross' vehicle using the "normal procedure" for stripping a junked car. These admissions clearly show the nature of the wrong committed by Kouf and his intent. With regard to the financial condition of Kouf, the evidence indicates that he owns one of the largest salvage operations in the area, with nationwide business connections; he also owns commercial property other than the salvage yard.

As for the proper amount of punitive damages, we are mindful that each case turns on its own set of circumstances. Under the particular circumstances of this case, we do not find the punitive damage award of $6,600.00, which was only three times larger than the compensatory damages, to be improper or to be an amount as would indicate such passion and prejudice that a reduction is warranted. Instead, this award should serve as a warning to others that conversion of property in the manner accomplished by Kouf will not go unpunished. This is the purpose of punitive damages.

The second issue raised by Gross is whether the trial court erred when it modified the judgment by eliminating interest on the compensatory damages awarded by the jury. Gross claims the court had no jurisdiction or authority to enter such an order nearly five months after the original judgment was filed.

SDCL 15–6–60(b) allows a court to relieve a party from a final judgment for various reasons: mistake, inadvertence, fraud, etc., or for any other reason justifying relief, as long as the motion for relief is made within a "reasonable time." Therefore, the trial court had authority to modify the judgment. Here, counsel for Kouf made the motion to eliminate interest less than a month after the trial court entered the judgment. Certainly, this was within a reasonable time. We have held that a motion for relief based on SDCL 15–6–60(b) is addressed to the sound discretion of the trial court, and absent an abuse of that discretion, the trial court's ruling will not be disturbed on appeal. *Overvaag v. City of Dell Rapids, S.D.*, 319 N.W.2d 171 (S.D. 1982); *Ackerman v. Burgard*, 79 S.D. 119, 109 N.W.2d 10 (1961). Our review of the record indicates that the trial court's action in eliminating interest from the judgment was not an abuse of discretion.[1]

Kouf raises two issues on notice of review. The first is whether the trial court, on the issue of conversion, erred by denying his motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. Kouf maintains that he was in rightful possession of the automobile as an involuntary depository,[2] and therefore could not be guilty of conversion.

Kouf is mistaken in assuming that if he could prove his status as an involuntary depository, he would be free from any liability for conversion. Whether or not Kouf became an involuntary depository when he took possession of the vehicle from Durham is irrelevant to the question of conversion. It is well settled law that one who takes possession from a bailee of the premises where the subject matter of a bailment is kept, and also takes possession of the bailed property, is guilty of conversion if he commits any act in derogation of the bailor's title or right to possession, such as unauthorized sale or other disposition of the property. 8 Am.Jur.2d Bailments § 115 (1980); Brown on Personal Property § 12.2 (3d ed. 1975), and cases cited therein. *See also* SDCL 43–39–22, and *Rapid Sewing Center, Inc. v. Sanders*, 79 S.D. 373, 112 N.W.2d 233 (1961), where we stated that it is ordinarily the duty of a person who has chattels of another to deliver them to the owner on demand, and if he refuses to comply, he becomes liable for conversion. Therefore, the trial court was correct in denying Kouf's motions on the issue of conversion.

The second issue raised by Kouf on notice of review is whether the trial court erred by denying his motion for judgment notwithstanding the verdict on the issue of punitive damages. Kouf argues that Gross failed to show, as required by SDCL 21–3–2, that he was guilty of oppression, fraud, or malice, and, as a result, Gross should not be entitled to punitive damages. This argument is without merit. As we discussed above, Kouf did not negligently strip the vehicle, unaware of its true owner; he intentionally stripped it and treated it as a junk vehicle even after he knew of the rightful owner's claim and the demand for its return. Consequently,

---

1. The trial court had properly instructed the jury that when computing damages caused by wrongful conversion, detriment is presumed to be the value of the property at the time of conversion, with interest from that time. SDCL 21–3–3. Pursuant to that instruction, the jury found damages of $2200.00 (not including punitive damages). The trial court then added interest to the $2200.00. However, upon reconsideration, the court recognized that the original

verdict of $2200.00 may well have included interest, and in cases involving SDCL 21–3–3, the question of interest is an element of damages to be determined by the jury.

2. SDCL 43–39–3 states, in pertinent part: "An involuntary deposit is made: (1) By the accidental leaving or placing of personal property in the possession of any person, without negligence on the part of its owner[.]"

there was evidence in the record of oppression or malice on the part of Kouf.

The order granting a new trial on punitive damages is reversed, and the case is remanded to the trial court with instructions to reinstate the jury verdict of $6,600.00 in punitive damages. We affirm the trial court's elimination of interest from the judgment and its orders denying motions for judgment notwithstanding the verdict.

WOLLMAN, MORGAN and HENDERSON, JJ., concur.

FOSHEIM, C.J., dissents.

FOSHEIM, Chief Justice (dissenting).

The majority misconstrues the record relating to punitive damages. The trial court did not reduce the punitive damages award but rather ordered a new trial absent consent to a remittitur of excess damages. The issue on appeal therefore is whether the trial court erred in ordering a new trial.

A new trial may be granted when it appears that excessive damages have been given under the influence of passion or prejudice. SDCL 15-6-59(a). As a participant in the trial, and thus peculiarly qualified to sense whether an excessive verdict is in fact a product of passion or prejudice, the trial court is clothed with a latitude of discretion in passing on such a motion for new trial, and an appellate court will not disturb its decision except for clear abuse. *Stene v. Hillgren,* 77 S.D. 165, 88 N.W.2d 109 (1958); *see also Basin Elec. Power Coop. v. Gosch,* 90 S.D. 222, 240 N.W.2d 96 (1976); *Byre v. Wieczorek,* 88 S.D. 185, 217 N.W.2d 151 (1974); *State Highway Comm. v. Madsen,* 80 S.D. 120, 119 N.W.2d 924 (1963). A stronger case must be made to justify the interposition of the appellate court where a new trial has been granted than where it has been refused. *J.H. Larson Elec. Co. v. Vander Vorste,* 81 S.D. 296, 134 N.W.2d 500 (1965); *Jensen v. Miller,* 80 S.D. 384, 124 N.W.2d 394 (1963); *Hodges v. Bierlein,* 4 S.D. 258, 56 N.W. 811 (1893).

It is significant that the new trial order focused entirely on punitive damages. The trial judge was concerned that his punitive damage instruction to the jury was wanting or misunderstood as to the common law definitions of the terms oppression, fraud and malice. *See* SDCL 21-3-2. The trial court felt there was little, if any, evidence of oppression, fraud or malice on the part of defendant and that therefore any substantial award of punitive damages under an inadequate instruction would have been excessive and under the influence of passion or prejudice. The majority opinion identifies no abuse of discretion upon which this issue must pivot. I would affirm.