**Cheryl M. HUNTER, Plaintiff,**

v.

**Lester HAGEN, Defendant.**

**Civ. No. 86–5127.**

United States District Court,
D. South Dakota, W.D.

Oct. 21, 1987.

---

Murray Ogborn, Nelson & Harding, Lincoln, Neb., John E. Fitzgerald, Jr., Nelson & Harding, Rapid City, S.D., for plaintiff.

Acie W. Matthews, Pruitt, Matthews & Muilenburg, Sioux Falls, S.D., for defendant.

BOGUE, Senior District Judge.

Plaintiff, a Wyoming resident, sues Defendant, a South Dakota resident, for injuries received as a result of an automobile accident which happened in South Dakota,

west of Rapid City, on March 23, 1985. Plaintiff alleges she was a passenger in a car driven by Ronald G. Williams and that Defendant was the driver of the vehicle which collided with Mr. Williams' car. Plaintiff alleges Defendant's negligence was the cause of the collision. In Count II of her Complaint, Plaintiff sues Defendant for punitive damages based on allegations of his intoxication at the time of the accident. By previous order of the Court, Defendant's motion for summary judgment on the issue of punitive damages was denied.

Pending before the Court is the matter of SDCL 21–1–4.1, which requires that before a claim of punitive damages may be submitted to the jury, a hearing shall be held and the Court shall determine that there is clear and convincing evidence that a reasonable basis exists to believe Defendant acted willfully, wantonly, or maliciously. The parties submitted evidence by affidavit and deposition. The Court, having considered the evidence and arguments of counsel, hereby

ORDERS that Plaintiff's claim for punitive damages may be submitted to the jury because there is clear and convincing evidence that a reasonable basis exists to believe Defendant acted willfully and wantonly by driving while intoxicated. The Court rejects Defendant's argument that before it can submit the issue of punitive damages to the jury, it must find evidence of malice. *Smith v. Montana–Dakota Utilities,* 575 F.Supp. 265 (D.S.D.1983).

Also pending are Plaintiff's motions in limine, filed October 16, 1987. The motions are as follows.

Plaintiff moves the Court for an Order prohibiting Defendant from offering evidence in any form, relating to the following:

1. The method of operation, including, but not limited to, the speed of the vehicle in which Plaintiff was riding;

2. That portion of the accident investigation report that indicates the speed limit in the vicinity of the accident and the speed of the Williams' vehicle.

3. Evidence relating to a speedometer test conducted by the Division of Criminal Investigation, Office of the Attorney General, Pierre, South Dakota, including April 9, 1985 Criminalistic Laboratory Report.

4. Photos of the speedometer of the Williams' vehicle.

5. Reference to alcohol consumed by Ron Williams, the driver of the vehicle in which Plaintiff was a passenger at the time of the collision; and

6. Reference to a pipe (allegedly used for smoking marijuana) found in the Williams' vehicle.

At the pre-trial conference, Defendant stated he does not resist Plaintiff's motions # 4 and # 6. It is therefore

ORDERED that Plaintiff's motions in limine # 4 and # 6 are granted.

Resolution of Plaintiff's other motions depends upon whether or not the conduct of Mr. Williams can be imputed to Plaintiff, who allegedly was asleep in the back seat of Mr. Williams' car at the time of the accident.

Defendant objects to Plaintiff's motion in limine, arguing he should be able to introduce evidence to prove his pleaded defense, that Mr. Williams' conduct was the sole, proximate cause of the accident and that Mr. Williams' negligence is imputed to Plaintiff and bars her from recovery. Defendant wants to introduce evidence that at the time of the accident Mr. Williams was speeding and that he had consumed alcohol prior to the accident. It appears that the evidence will show Mr. Williams was travelling a maximum of 60 mph at the time of the accident (the speed limit has not been proven but apparently was 45—55 mph) and Defendant concedes that after the accident Mr. Williams consented to testing of his blood which resulted in a finding of 0.00% ethyl alcohol by weight.

Before Defendant can impute Mr. Williams' negligence, if any, to Plaintiff, he would have to prove that Plaintiff and Mr. Williams were engaged in a joint enterprise at the time of the accident. In order to do this, Defendant must prove an agreement between Plaintiff and Mr. Williams to carry out a common purpose in which they

shared a pecuniary interest and that Plaintiff and Mr. Williams shared equally in the control of their common enterprise, which in this case involves the operation of Mr. Williams' car. *Fredrickson v. Kluever*, 82 S.D. 579, 152 N.W.2d 346 (1967). "The elements necessary to constitute a joint enterprise are seldom found in purely social arrangements or matters of friendly accommodation between friends, neighbors, and relatives." *Id.*, at 348.

■ Defendant has not presented any evidence tending to prove the elements of a joint enterprise. In fact, the file in this case merely reveals a social outing among friends. Based on this record, it is further

ORDERED the negligence of Mr. Williams, if any, cannot be imputed to Plaintiff.

IT IS FURTHER ORDERED that Plaintiff's motion in limine # 1 is denied. However, the methods of operation, including but not limited to the speed of the vehicle in which Plaintiff was riding, will be admitted solely on the issue of Plaintiff's damages.

IT IS FURTHER ORDERED that Plaintiff's motion in limine # 2 is granted.

IT IS FURTHER ORDERED that Plaintiff's motion in limine # 3 is denied. However, evidence of the speedometer test will be admitted solely on the issue of Plaintiff's damages.

■ IT IS FURTHER ORDERED that Plaintiff's motion in limine # 5 is granted. In light of the evidence that tests on Mr. Williams' blood for alcohol content were negative, the extent of his alcohol consumption is irrelevant. This evidence is also irrelevant in light of the Court's ruling that Mr. Williams' negligence, if any, in consuming alcohol cannot be imputed to Plaintiff.

■ At the pre-trial conference, Defendant argued that he is entitled to present evidence to mitigate any award of punitive damages against him and the mitigating evidence he wants to present is Mr. Williams' speeding and consumption of alcohol. Defendant argues he can present such evidence without the need to prove Plaintiff and Mr. Williams were engaged in a joint enterprise at the time of the accident.

Defendant cites to *Baumgartner's Electric Construction Co. v. DeVries*, 77 S.D. 273, 91 N.W.2d 663, 674 (1958), as authority for his position.

'In assessing exemplary damages the nature, extent, and enormity of the wrong, the intent of the party committing it, and, generally, all the circumstances attending the particular transaction involved, including any mitigating circumstances which may operate to reduce without wholly defeating such damages, may be taken into consideration, * * *' 15 Am.Jur., Damages, § 298, p. 739.

Subsequent cases discussing the factors considered in awarding punitive damages are *Gross v. Kouf*, 349 N.W.2d 652 (S.D. 1984) and *Hulstein v. Meilman Food Industries*, 293 N.W.2d 889 (S.D.1980). *Gross* and *Hulstein* refer to "all of the circumstances attendant to the wrongdoer's actions", but neither of these cases, nor *Baumgartner*, discuss the type of evidence that may be considered in mitigation. The Court also notes that Defendant has not cited authority for his argument that even though the negligent acts, if any, of Mr. Williams cannot be imputed to Plaintiff, these acts can be argued in mitigation of punitive damages.

The Court has not found any law on this particular issue. However, it is clear that the purpose of punitive damages is to punish and to make an example of Defendant and that a punitive damage award is fact-specific and therefore not measured by a fixed standard. *Gross; Hulstein; Baumgartner.*

■ The assessment of punitive damages is similar to sentencing a criminal defendant. The purpose of both is punishment and deterrence. In a criminal assault case, for example, the court may consider the past history of the relationship between the victim and the defendant and whether or not the defendant was in some way provoked. In an appropriate case, such

circumstances could mitigate the offense and reduce the defendant's sentence.

Analogizing the criminal situation to this case, the evidence apparently will be that at the time of the accident Defendant was very drunk, he was driving at a very high rate of speed, and he crossed the center line and crashed his car into Mr. Williams' vehicle, which was at all times within its lane of travel. The evidence that Mr. Williams may have been speeding at the time of the accident and that he drank some alcohol many hours prior to the accident does not mitigate the conduct of Defendant. Based on these circumstances, it is hereby

ORDERED that evidence of Mr. Williams drinking and speeding cannot be introduced as mitigating evidence on the issue of punitive damages.

■ At pre-trial conference, Plaintiff raised the question of the necessity for special interrogatories on voir dire on the issue of Plaintiff's abortion. The abortion was allegedly necessitated by the treatment she received for injuries she suffered in the car accident. The Court finds there is good cause for such interrogatories, and therefore it is hereby

ORDERED that Plaintiff will submit to the Court for approval special interrogatories on the abortion issue, copy to opposing counsel, 5 days before the date fixed for trial. On the day of trial, the Court will orally voir dire the prospective jurors on the abortion issue, using the approved interrogatories.